## BRIDGET M. EVOY, Appellant, v. J. M. TEWKSBURY, Respondent.

A executed a lease to B, and at the time of the execution, C wrote underneath it, "I hereby agree to pay the rent stipulated above, when it shall become due, provided the said B does not pay the same." *Held*, that the agreement of C, being added as an agreement running with the lease, and executed at the same time, it must be considered as a part of the lease itself, and not within the statute of frauds.

The statute requires the written agreement to answer for the debt of another to express the consideration upon which it is made ; but where the agreement is executed at the same time as the lease, and forms the consideration for the execution, it is not a promise to answer for the debt of another, but must be considered as an original undertaking. and as a promise made, upon the strength of which, another was enabled at the time to obtain possession of property, and enjoy its use.

Such a transaction is not embraced within the statute of frauds. as the credit given by the written guaranty of the third party, is the consideration upon which the transaction is closed.

A demand of rent at any time during the term when the same might be due, will be sufficient diligence to hold a party who has guaranteed its payment.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco County.

Action to recover rent. The opinion of the Court contains the facts.

*Jas. B. Townsend*, for Appellant.

1. The lease and guaranty were made at the same time, and constitute but one instrument. Rogers v Kneeland, 10 Wend., 219. Stead v. Liddard, 1 Bing., 196. Ch. on Cont., 453, 499.

2. The guaranty sufficiently shows the consideration upon which it was made. Boehm v. Campbell, 8 Taunt., 679. Pace v. Marsh, 1 Bing., 216. Stadt v. Lill, 9 East., 348. Newbury v. Armstrong, 6 Bing, 201. Ryde v. Curtis, 8 Dow. and Ry., 62. Morris v. Stacey, 1 Holt, N. P. C., 153. De Wolf v. Rabauld and others, 1 Pet., 477.

*Wm. H. Clark*, for Respondent.
No brief on file.

BRYAN, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

In this cause, it is alleged in the complaint that Evoy, the appellant, executed a lease to one McMakin of certain lands in the town of Contra Costa, Alameda county, for the term of one year, or until after the harvesting of the crops upon the land, the lease being dated December 15, 1853. It is also alleged in the complaint, that in consideration of the execution of the lease by Evoy to McMakin, respondent Tewksbury, at the same date of the instrument, wrote underneath, and attached to the lease, the following words: "I hereby agree to pay the rent stipulated above, when it shall become due, provided the said McMakin does not pay the same." Signed, "J. M. Tewksbury." It being alleged in the complaint that the above agreement of the respondent was made in consideration of the execution of the lease by Evoy to McMakin, and the same being added as an agreement running with the lease, and executed at the same time, it must be considered as a part of the lease itself, and not within the statute of frauds.

By the statute of frauds, a special promise to answer for the debt, default, or miscarriage of another, must be in writing, and must express the consideration upon which the promise is made. But in this case, although the consideration is not expressly stated in the writing, yet the complaint alleges that it was executed at the same time as the lease, and was the consideration upon which Evoy executed the lease to McMakin. The promise of Tewksbury, judged by the complaint, was not a mere promise to answer for the debt, default, or miscarriage of another, but was a promise made, upon the strength of which another was enabled at the time to obtain possession of property, and to enjoy its use; and for all purposes it may be considered as an original undertaking. The statute of frauds was not intended by its framers to embrace a transaction such as is represented in the complaint in this cause. Instead of being a preventive of fraud, it might, in like cases, if otherwise interpreted, be the instrument for the perpetration of the grossest frauds, in dealings between different citizens of the State.

This view seems to be the settled one of Courts in the more modern decisions. In Rider v. Curtis, 16 Com. L. R., 335, the guaranty was as follows: "I do hereby agree to become security for Mr. R. G., now your traveler, in the sum of £500, for all the money he may receive on your account." The consideration averred in the declaration was

the continuance of the traveler in the employ of the plaintiff; and the whole Court were clear that it sufficiently appeared on the face of the instrument. In Newburgh v. Armstrong, 20 Com. L. R., 272, the same doctrine was held; also in the case of Rodgers v. Kneeland, 10 Wendell's R., 219, the same views were entertained by the Court.

The credit given by the written guaranty of the third party is the consideration upon which the transaction is closed. As to the question of diligence raised by the demurrer, it seems, that although the rent was payable upon the first day of November, 1854, and the complaint shows that the demand was made upon McMakin upon the 18th inst., yet, by the terms of the lease, it did not expire until the 15th of December, 1854, and a demand of the rent at any time during the term when the same might be due, would be sufficient.

The judgment upon the demurrer is reversed with costs, and the cause is remanded for trial.