## JONES *v.* POST *et al.*

When A has made a payment in advance on a contract to purchase stock of B, which B refuses or fails to deliver, and A thereupon notifies B that he claims the right to rescind the contract and claims repayment of the money paid, the notice does not affect or impair the right of A to maintain an action for damages on the contract.

A guaranty not under seal nor expressing consideration made cotemporaneously with the contract guarantied, is a part of that contract, and the expression of the consideration in the contract, takes the guaranty out of the Statute of Frauds.

In an action on a guaranty, though it is error in terms to charge the jury, if they find for the plaintiff, to assess as damages the amount of the penalty fixed in the guaranty ; yet if the plaintiff's damages, if any, must exceed the penalty, the direction must be regarded as limiting the verdict, and the defendant is not injured by the instruction.

APPEAL from the Superior Court of the City of San Francisco.

The record shows that Woods, the assignor of the plaintiff, made a contract with the defendants as agents of A. B. Thompson, for the purchase of four hundred and fifty steers and three thousand head of sheep, to be delivered by Thompson on an agreed notice ; and Woods, by its terms, at the time of its execution paid $3,862 50, on account of the contract, which sum was to bear interest at the rate of five per cent. per month until the complete performance of the contract, when it was to be applied to payment for the stock.

The defendants at the same time executed an undertaking, not under seal nor expressing any consideration, binding themselves to Woods in the penal sum of $7,725, which they agreed to pay in default of the terms of the contract by Thompson.    The action is brought on this guaranty, which was assigned by Woods to the plaintiff.    It is established by the verdict of the jury that Thompson failed to perform his part of the contract ; and admitted that Woods notified Thompson that he claimed the right to rescind the contract, and claimed repayment of his advance.

The judge directed the jury if they found for the plaintiff, to assess as damages the amount of the penal sum in the guaranty of defendants, and charged the jury that the case was not within the statute of frauds.

The jury found a verdict for the plaintiff and assessed the damages at $7,725.    Defendant moved for a new trial which was denied.    Judgment was entered accordingly, from which defendants appealed.

Jones *v.* Post.

*W. Duer, D. Lake and J. K. Hackett* for Appellants.

The contract declared on, is a special promise to answer for the default of another, and as no consideration is expressed, it is void by the Statute of Frauds. Comp. L., 201, § 12.

The engagement is in aid of, and collateral to, the original liability of the principal debtor or party for whom the guaranty is given. 3 Kent's Com., 121; Story on Prom. Notes, § 457; Manrow *v.* Durham, 3 Hill, 591.

It is difficult to conceive a case more directly within the statute. Thompson agrees in one contract to deliver cattle. The defendants in a separate contract agree to answer for his default.

The language of the statute is explicit, and it extends to every collateral undertaking for another person, whether made at the time of the original contract or afterwards; the consideration must be expressed and cannot be implied or inferred. Packer *v.* Wilson, 15 Wend., 343.

The construction we contend for, is not only within the letter of the statute, but within the mischief to be cured by the statute to "prevent frauds and perjuries."

The object of the statute was, that in these cases oral testimony should not be sufficient to fix the liability. If then, the consideration may be proved by oral testimony the policy of the statute is defeated.

The case of a guaranty on the back of a note is different. It is on the same piece of paper, the contract is a note, and the guarantor an endorser; on which various grounds the parties have been held liable in a number of cases. Luqueer *v.* Prosser, 1 Hill, 256; Kitchell *v.* Burns, 24 Wend., 456; Hough *v.* Gray, 19 Wend., 202; Brown *v.* Curtiss, 3 Comstock, 225.

The cases of Hall *v.* Farmer, 5 Denio, 455, and Durham *v.* Manrow, 2d Coms., 533, are the first successful attempts in the State of New York, to restore the Statute to its true meaning, which is finally accomplished by a vote of *seven* to *one*, in the case of Brewster *v.* Silena, 4th Selden, 207, which has settled the question in that State.

2. Woods had his election to rescind the contract and bring his action to recover back what he had paid, on a breach of the contract, or to treat it as a subsisting contract and bring his action for the breach. Cutler *v.* Powell, 2d Smith's L. C., 17.

Having elected the former, he cannot now treat the contract as subsisting for the purpose of recovering damages for a breach of it. ——— *v.* Simpson, 14 Me., 364.

3. The Court below erred, in directing the jury to assess the damages at the amount of the penalty named in the guaranty. It was for the jury to assess them, and the defendants are only liable for damages resulting from the breach of the original contract. The five per cent. is not agreed to be paid in case of a breach, and being for an unusual rate of interest, should be construed strictly.

*Lockwood, Tyler and Wallace* for Respondent. No brief on file.

Mr. Justice HEYDENFELDT delivered the opinion of the Court.   Mr. Justice TERRY concurred.

By the terms of the contract, it is clear that at least a portion of the cattle and sheep were to be delivered in each of the months named in the contract.   As to what particular time in each month the delivery was to take place, depended upon the subsequent agreement of the parties.

When however the defendants, on the ——— day of April gave to the plaintiff a delivery order for a certain number of sheep, this order, accepted by the plaintiff, fixed the time of delivery.   It was then to be made within a reasonable and convenient time after the presentation of the order.

When the order was presented, Thompson, to whom it was directed, was informed that the sheep were to be taken on board the steamer Sea Bird, on her return trip.   This, it appears from the evidence, would have taken between three and four days, and was therefore a reasonable time, as it appears that the sheep were only twenty-five or thirty miles distant.   No objection was made as to the time by Thompson, and at first he answered that the plaintiff could have the sheep.   The next morning he declined the delivery which he had before assented to, on the ground that it was Holy Week, a festival of the Catholic Church, and therefore he could not obtain laborers to perform the work necessary to a delivery.

This was a breach of the contract, because the time of delivery being fixed, the inability to obtain laborers was a misfortune of the defendants, and was not provided against by the terms of the contract.   It therefore entitles the plaintiff to his action.

The notice or declaration of the plaintiff that he rescinded the contract as to the sheep, amounts to nothing which can affect his rights in this action.   The contract was entire, and he could not abandon a part and hold to another part.   Indeed he had no power to rescind, because that term implies the volition and action of both parties.   The effect of his conduct connected with his bringing this suit, is that he abandoned the contract and relied upon his action for damages.

The point as to this claim being within the Statutes of Frauds, is not well taken.   It was a guaranty cotemporaneous with another contract, and was therefore a part of that contract.   In the latter the consideration is fully expressed, and if it be said that this latter is only signed by the defendants in their character as agents, yet it has been done in a form which binds them personally.   The name of the principal is not signed to the contract.   The defendants sign their own names, describing themselves as agents.   The effect of this we decided at the last Term, in the case of Sayre *v.* Nichols.

The Statute of Frauds, while it requires the consideration to be expressed in writing, does not limit the expression to the same piece of paper which contains the undertaking.   The object of the statute is to avoid perjuries.   It requires the consideration to be in writing and signed by the party to be charged, but there is no reason why the un-

dertaking may not be in one instrument, and the consideration of it expressed in another. This would only be like the case of an absolute sale of land by one instrument in writing, and a defeasance executed separately. These have been always construed to be one instrument, and therefore to operate as a mortgage.

The remaining error relied on is as to the instruction of the Court to the jury, directing them if they found for the plaintiff, to assess as damages the amount of the penalty fixed in the defendants' guarantee.

In terms this was certainly erroneous, because the cerrect measure of damages is the actual loss. But have the defendants sustained any injury by this instruction; for unless they have, it is beyond our power to reverse the judgment on that ground. It seems that the plaintiffs, by the terms of their contract, were to pay in advance ten per cent. of the whole price, which payment the defendant agreed to receive and allow with interest at the rate of five per cent. per month. This ten per cent. was paid by the plaintiff, and amounted to the sum of $3,862 50. This sum with the agreed interest was as much a part of the measure of damages as any other incident possibly could be. And this sum with the interest calculated at the agreed rate to the time of judgment, would amount to more than fifty per cent. above the result of the rule of damages laid down by the Court below. This must have been so evident to the judge who tried the case, that we can only come to the conclusion that the object of his direction as to damages, was to limit the recovery against the defendants to the specific amount fixed in their guaranty. And this conclusion is the more readily reached when we find that, in the opinion of the judge refusing a new trial, he expressly declares that the recovery on this ground would have exceeded the penalty of the defendants' undertaking.

It results from this examination of the record that there is no error, and the judgment is affirmed.