There is no subscribing witness thereto, as is required by § 646 of the Practice Act.

The whole case turns upon the point, whether the Judge could set aside the entry of judgment against Sibrian, when it appeared from the summons itself, with the alleged waiver of service, that no execution of a waiver had been made by Sibrian.

In State v. Woodlief, 2 Cal., 241, it was held that a summons, radically defective, could not sustain a judgment upon default; it may be asked a fortiori, could one not served do so? As to appellant's argument of estoppel, it is sufficient to say, that it involves a petitio principii, which respondent never having granted, still refuses to grant.

---

## HAZELTINE v. LARCO.

A guaranty endorsed on a charter party at the same time with its execution, and the consideration of one being in fact the consideration of the other, and being in these words: "I hereby guarantee the fullfilment of the within charter on the part of the charterer"—is good.

The instrument referred to in the guaranty becomes part thereof. If the guaranty were executed subsequently, it would fail, for there is either no consideration for the promise, in fact, or the new consideration is not expressed in the instrument referred to.

APPEAL from the Superior Court of the City of San Francisco.

This was an action against Nicolas Larco, as the guarantor in a charter party. Plaintiff had a verdict for two thousand four hundred and ninety dollars. Defendant moved for a new trial, which being denied, he appealed.

C. Temple Emmett for Appellant.

The twelfth section of the Statute of Frauds declares, that

every special promise to answer for the debt, default, or miscarriage of another, shall be void, unless such agreement or some note or memorandum thereof expressing the consideration, be in writing and subscribed by the party charged therewith. Comp. Laws, p. 200.

The Court is referred to the case of Hall v. Farmer, decided in New York in 1848, which contains a thorough and able review of the adjudications on this section, and Brewster v. Silence, decided in the same state in 1853. 5 Denio, 484; 4 Selden, 207. These New York decisions are particularly applicable, as the statute of that state is precisely like our own.

*Thos. C. Hambly* for Respondent.

In the case of Tewksbury v. McEvoy, 5 Cal., 285, a lease by McEvoy was executed to one McMakin, of lands in the town of Contra Costa, and in considseration of the lease, Tewksbury, at the date of the instrument, and underneath, attached these words : " I hereby agree to pay the rent stipulated above, when it shall become due, provided the said McMakin does not pay the same."

And when the case went up to the Supreme Court on this point, the Court said that although the consideration is not expressly stated in the writing, yet the complaint alleges that it was made at the same time as the lease, and was the consideration on which McEvoy executed the lease to McMakin. The promise of Tewksbury, say the Court, was not a mere promise to answer for the debt, default, or miscarriage of another, but was a promise made upon the strength of which another was enabled at the time to obtain possession of property, and enjoy its use ; and for all purposes, it may be considered an original undertaking. Now our case goes even further than that, for the defendant has himself acknowledged that his guaranty was part of the consideration for the original contract.

BURNETT, J. delivered the opinion of the Court—MURRAY, C. J., concurring.

The plaintiff, as master of the bark Acadia, entered into a charter party with one Nicholas Dabovich, on the twenty-seventh day of October,1855, and on the back of the same instrument the defendant, Larco, endorsed this guaranty :

" I, N. Larco, hereby guaranty the fullfilment of the within charter on the part of the charterer.

" NICOLAS LARCO."

It is conceded that the guaranty was made at the same time with the charter party, and that the consideration of the one was in fact the consideration of the other. The defendant, how-

ever, insists that the guaranty is void, because the consideration is not expressed in the guaranty itself.

The twelfth section of the Statute of Frauds, provides, that every special promise to answer for the debt, default, or miscarriage of another, shall be void, unless such agreement, or some note, or memorandum thereof, expressing the consideration, be in writing, and subscribed by the party charged therewith.   The statute of New York is like our own, and the counsel of defendant has referred to the case of Hall v. Forman, 5 Denio, 484, to sustain the ground taken by him.   That is certainly a case ably considered; and while the facts of the case are different in the most substantial respects from the case under consideration, it must be conceded that the doctrine deliberately laid down in that case by the Supreme Court of that state, clearly supports the position assumed by counsel.   But it is equally apparent that different decisions upon the same points have been made, as in Manrow v. Durham, 3 Hill, 584, and Legget v. Raymond, 6 Hill, 639.   The New York authorities upon the point are conflicting, and Justice Bronson, who dissented from the opinion of the Court, says:

" When, at the time a note is made, and as a part of the same transaction, a third person endorses an absolute guaranty upon the note, he will be liable in same form for the payment of the money.   Both instruments taken together make but one contract, and the contract which upholds the one will support the other."   3 Hill, 589.

The case of Tewskbury v. McEvoy, decided at the July Term, 1855, of this court, is a case precisely in point.   There the party attached these words underneath a lease:

" I hereby agree to pay the rent stipulated above, when it shall become due, provided the said McMakin does not pay the same."

This Court held that the guaranty was good under the statute. Also, in the case of James v. Post, January Term, 1856, the same doctrine is substantially held.

In New York, those judges who have held such undertakings valid under their statute, have differed as to the ground upon which they base their opinions.   Some have considered the undertaking as a note; but it has been well said that such an instrument does not fill the definition given of a promissory note by any writer upon the subject.   The true ground upon which the decision should rest, would seem to be this: that the note and the guaranty are but parts of the same instrument, the note expressing that which first applies to the maker, and the guaranty expressing that which applies only to the guarantor, while the note and guaranty, taken together, make up the contract as between the payee and the guarantor.   It would seem competent for parties to refer to any writing for a given purpose, and

that writing for that purpose becomes a part of the instrument signed by the party to be charged; and it does not matter in what place or in what order the parties sign their names, the intention must govern. In this case Larco refers to the "within charter," and by that reference he makes the "within charter" a part of his guaranty for all purposes not expressed in the guaranty itself. Had he executed the charter party without the guaranty, he would have have been primarily liable, and therefore it was necessary to sign the guaranty, to show that his liability was secondary. The only purpose of this guaranty was to specify the character of his liability; and as to the acts he guarantied to be done, and the consideration for them, namely, the acts to be performed on the part of the plaintiff, he refers to the "within charter." This was convenient and sensible, and the intention of the parties would seem to be clear. Where the guaranty is endorsed upon the instrument after it is made, and therefore constituted no part of the original instrument, the guaranty will fail, for the reason that there is either no consideration for the promise in fact, or the new consideration is not expressed in the instrument to which reference is made.

As to the second point, we can see no error in the case. Judgment is therefore affirmed.