JAMES OTIS, WILLIAM A. MACONDRAY, AND FREDERICK W. MACONDRAY, *v.* WILLIAM HASELTINE, AND JAMES L. KING.

SPECIFIC CONTRACT ACT.—The Act of eighteen hundred and sixty-three, commonly called the "Specific Contract Act," applies to contracts made before as well as after its passage.

STATUTE OF FRAUDS.—An indorsement made by a third person on a contract entered into between two parties, and made simultaneously with the contract, by which the indorser, without expressing any consideration received, agrees that the undertaking of one of the contracting parties shall be fulfilled, is an original and not a collateral promise of the indorser to answer for the debt of another, and not within the Statute of Frauds.

SAME.—By such act the indorser makes the contract his own, and the consideration therein expressed becomes the consideration of his promise.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Patterson, Wallace & Stow*, for Appellants.

"In the following cases, every agreement shall be void, unless such agreement, or some note or memorandum thereof, *expressing the consideration*, be in writing and subscribed by the party charged therewith. * * * 2. Every special promise to answer for the debt, default, or miscarriage of another." (Sec. 12, Act of April 19th, 1850.)

The plain reading of the statute is, that the promise must be in writing, and the writing subscribed by the party must *express* the consideration.

"That which the words declare, is the meaning; and neither Courts nor Legislatures have the right to add to or take away from that meaning." (Sedgwick on Stat. and Const. Law, 246; *Newell* v. *The People*, 3 Selden, 97; *Bidwell* v. *Whitaker*, 1 Michigan, 469, 479.)

In this new State, untrammelled by "judicial legislation," shall this statute be enforced as it reads, or shall it be frittered away by construction?

The language of King's undertaking shows that it was made subsequent to the execution and delivery of the agreement between plaintiffs and Haseltine : " I hereby agree to indorse * * as provided in the *within* agreement," *i. e.*, the within *executed* agreement, not a draft of an agreement; if not executed, it was not an agreement, and the language, " within agreement," would not have been used. It follows, then, the consideration of Haseltine's contract did not attach to and uphold King's. (*Ellison* v. *Jackson Water Company*, 12 Cal. 552, 553 ; *Clay* v. *Walton*, 9 Cal. 328 ; *Purkett* v. *Bates*, 4 Ala. 390 ; *Doyle* v. *White*, 26 Maine, 341 ; *Packer* v. *Wilson*, 15 Wend. 343 ; *Hall* v. *Farmer*, 2 Comstock, 557. .

*Sidney L. Johnson*, for Respondents.

The question raised here is not an open one in this State. (*Jones* v. *Post*, 6 Cal. 104 ; *Haseltine* v. *Larco*, 7 Cal. 33.)

In New York, it has been fully settled by the decision of the Court of Appeals, in *Church* v. *Brown*, 21 N. Y. 315, in which the case of *Brewster* v. *Silence*, 4 Selden, 210, and other cases cited by appellants, are reviewed and commented upon. We refer to the exhaustive opinions of Mr. Justice Wright and Mr. Chief Justice Comstock in that case, as decisive of this case in our favor, both upon principle and authority. In *Church* v. *Brown*, the ruling in the *Union Bank* v. *Coster's Executors*, 3 Comstock, 203, is followed as the settled law. *Brewster* v. *Silence*, and *Draper* v. *Snow*, 20 N. Y. 331, are distinguished from them, and by Mr. Chief Justice Comstock and Mr. Justice Welles are held to have been decided in error. Upon the cases in California and New York, we are content to leave this point.

11

By the Court, SANDERSON, C. J.

The plaintiffs sold by contract in writing to the defendant Haseltine a certain invoice of Chinese goods, for which Haseltine agreed to pay ten thousand dollars in gold coin of the United States; the goods to be sold at auction as then advertised and the proceeds to be paid to the plaintiffs by the auctioneers. If the proceeds proved insufficient to pay the ten thousand dollars, the balance was to be paid by Haseltine's note at sixty days, indorsed by his co-defendant King. This contract was signed by plaintiffs and Haseltine on the 29th of December, 1862. On the back of the contract, bearing the same date, is the following indorsement:

" I hereby agree to indorse William Haseltine's note as provided in the within agreement.

(Signed :)　　　　　　　　　　　　　　" JAMES L.˙ KING."

This indorsement was executed by King before the delivery of the contract to the plaintiffs, and before the delivery of the goods to defendant Haseltine. The ten thousand dollars were not paid by the proceeds of the sale, and the plaintiffs demanded the note called for by the contract. Defendants refused to give it, but promised to pay the balance in gold when due, which they failed to do, hence this action. Plaintiffs had judgment payable in gold against both defendants who appeal.

It is insisted upon behalf of both defendants that the judgment is erroneous so far as it directs payment in gold, because the contract was made before the passage of the so-called " Specific Contract Act" of 1863, and therefore not governed by its provisions. This question has already been decided by us in the case of *Galland* v. *Lewis*, 26 Cal. 46, in which we held that the Act applied to contracts made before its passage.

On the part of the defendant King, it is insisted that his contract was " a promise to answer for the debt, default, or miscarriage of another," within the Statute of Frauds, and

void because it does not express the consideration. We think
that this question also has been decided against the appellants
in several cases in this State.

*Evoy* v. *Tewksbury*, 5 Cal. 285, was an action to recover
rent. Evoy leased certain lands to one McMakin. At the
foot of the lease, and on the day of its date, Tewksbury wrote
and signed the following promise: "I hereby agree to pay
the rent stipulated above when it shall become due, provided
that the said McMakin does not pay the same." The Court
held that this agreement was a part of the lease and not within
the Statute of Frauds, but was to be regarded as an original
undertaking, upon the strength of which McMakin obtained
possession of the land and enjoyed its use.

In *Jones* v. *Post*, 6 Cal. 102, the agreement and the guar-
anty were in separate instruments, yet the Court construed
them as one, and held that the consideration of the latter was
sufficiently expressed in the former in order to satisfy the
Statute of Frauds.

In *Hazeltine* v. *Larco*, 7 Cal. 32, the plaintiff, as master of
the bark Acadia, entered into a charter party with one Nicho-
las Dabovich, and on the back of the same instrument the
defendant Larco indorsed the following guaranty: "I, N.
Larco, hereby guaranty the fulfilment of the within charter
on the part of the charterer. Nicholas Larco."

It was conceded that the guaranty was made at the same
time with the charter party, and that the consideration of the
one was in fact the consideration of the other; and it was held
that the two instruments were to be regarded as one, and that
the two together constituted Larco's contract with the plain-
tiff; that by the reference to the "within charter" he made
it a part of his guaranty for all purposes not expressed in the
guaranty itself.

We are unable to distinguish between the foregoing cases
and the present. The promise by King was made before the
sale and delivery of the goods to Haseltine, and constituted in
part the consideration for which the sale was made. The
plaintiffs did not part with the goods upon the sole credit of

Haseltine, but upon the credit of King as well, to the extent of his indorsement. So the facts are found by the Court below. Thus viewed, the undertaking of King was original and not collateral to the promise of Haseltine, the sale from plaintiffs to Haseltine being the consideration. But regarding King's undertaking as being within the Statute of Frauds requiring a note in writing expressing the consideration upon which it was made, we think the statute in that respect has been sufficiently complied with. His promise is indorsed upon the back of the contract between the plaintiffs and Haseltine, and therein he expressly refers to that contract; and it is apparent that the full nature and extent of his undertaking cannot be determined except by a reference to it. Instead of expressing in full the terms of his contract, as he might have done, he refers for that purpose to the principal contract. By so doing he made the language of that contract the language of his own. From that language the consideration of his promise clearly appears. It is not necessary that the consideration should be expressed in any set phrase. If it is obvious from the general language used it is sufficiently expressed to satisfy the statute. (*Church* v. *Brown*, 21 N. Y. 315.)

Judgment affirmed.