GEORGE W. HOWLAND, RESPONDENT, v. H. W. AITCH AND H. H. THURSTON.—THURSTON, APPELLANT.

FRAUDS, STATUTE OF.—It is well settled in this State that the promise of a guarantor of a note is not within the Statute of Frauds, if made before the delivery of the note.

IDEM.—But that fact is not the test as to whether the guaranty is an original contract or not. The true test is, Were the promises of the principal debtor and of the guarantor parts of one and the same original transaction? Thus, where three days after the execution and delivery of a promissory note from A. to H., T. indorsed thereon, in pursuance of a previous agreement, "I guarantee the payment of the within note," upon the faith of which previous agreement H. had sold and delivered to A. certain horses. *Held*, that said indorsement was not within the Statute of Frauds.

APPEAL from the District Court of the Fifth District, San Joaquin County.

The case is stated in the opinion of the Court.

*J. H. Budd*, for Appellant.

The Court erred in rendering judgment against defendant, Thurston, on the guaranty. The guaranty signed by Thurston was a special promise to answer the debt, default or miscarriage of another, and was void. It was made *after* the execution and delivery of the note, and did not express the consideration of the promise in writing. (Act of April 19, 1850, p. 267, Sec. 12; *Brewster* v. *Silence*, 11 Barb. 144; *Id.* 4 Seld. 207; *Draper* v. *Snow*, 20 N. Y. 331; *Clay* v. *Walten*, 9 Cal. 328; *Leonard* v. *Vredenburgh*, 8 Johns. 29; *Doyle* v. *White*, 26 Maine, 341; *Ellison* v. *Jackson Water Company*, 12 Cal. 551–2; *Haseltine* v. *Larco*, 7 Cal. 35.)

The plaintiff, previous to the execution of the guaranty by Thurston, had delivered the horses to Aitch, and had received his note therefor. The transaction between plaintiff and Aitch was complete before the note was brought to Thurston to sign. The note was then a complete contract, and was certain evidence of Aitch's liability to plaintiff, and nothing thereafter was to be done between them to complete the contract.

This case is very easily distinguished from the case of *Otis* v. *Haseltine* (27 Cal. 81) and *Church* v. *Brown* (21 N. Y.

315). In those cases the principal contract and guaranty were executed at the *same time,* and the *property was delivered* on the strength of the guaranty, and *after* its execution.

It has frequently been decided that when two or more instruments in writing are executed at the *same time,* and as a part of the *same* transaction, that the consideration expressed in the one will support the other. (See cases referred to in *Church* v. *Brown.*)

In case the instruments were not executed at the *same time,* a different rule seems to obtain. (See cases first above cited, especially *Haseltine* v. *Larco.*)

The English authorities sustain the doctrine that the *consideration* should be expressed in writing. (*Wain* v. *Walters,* 5 East. 10; *Earley* v. *Boothby,* 3 Bingh. 107; *Newbury* v. *Armstrong,* 6 Bingh. 201.)

*W. E. Greene,* for Respondent, contended :

That defendant, Thurston, guaranteed the payment of the note after the making and delivery thereof by Aitch to plaintiff; but having executed the guaranty in pursuance of an agreement so to do, made before the making and delivery of the note by Aitch to plaintiff, and upon the *same consideration* for which the note was given, and as a *part* of the *same transaction,* the *act* of guaranty will be referred to the date of the execution of the note, and the guarantor will be held to have *assented* to such reference, so that he would be considered as having executed the guaranty on the date of the note. (*Hawkes* v. *Phillips,* 7 Gray, 284; *Moies* v. *Reed,* 11 Mass. 436; *Lovering* v. *Fogg,* 7 Pick. 540; *Leonard* v. *Wildes,* 36 Maine, 266; *Hough* v. *Gray,* 19 Wend. 202.)

Indeed, the fact that such guaranty is not dated is quite conclusive of such assent, on the part of the guarantor, to such reference. Such reference being had, and the making, delivery and guaranteeing of the note being and constituting but one and the same transaction, the consideration of the guaranty is sufficiently expressed in and by the note. (*Ford* v. *Hendricks,* 34 Cal. 675, and cases therein cited.)

RHODES, J., delivered the opinion of the Court:

The appeal from the order denying the motion for a new trial not having been taken within the time prescribed by law, must be dismissed. The appeal from the judgment remains.

The defendant, Aitch, made his promissory note to the plaintiff, and within three days after its delivery the defendant, Thurston, indorsed upon the note the following guaranty: "I guarantee the payment of the within note. H. H. Thurston." The guaranty was given in pursuance of a verbal agreement made by and between the three parties, about three days before the delivery of the note, whereby the plaintiff promised to sell to Aitch certain horses, and in consideration thereof Aitch promised to execute, and Thurston to guarantee the payment of, a promissory note for the price agreed upon for the horses.

The third finding of fact is as follows: "That within three days after said promissory note was so made and delivered to plaintiff, and as part of the same transaction, and in pursuance of his said agreement so to do, defendant, Thurston, did guarantee the payment of said note, in writing, signed by him upon the back thereof, in the words set forth in said complaint."

It is held in *Ford* v. *Hendricks* (34 Cal. 675), upon the authority of *Riggs* v. *Waldo* (2 Cal. 485), *Evoy* v. *Tewksbury* (5 Cal. 285), *Jones* v. *Post* (6 Cal. 102), *Haseltine* v. *Larco* (7 Cal. 32) and *Otis* v. *Haseltine* (27 Cal. 80), that it is "well settled in this State that the promise of a guarantor is not within the Statute of Frauds, if made before the delivery of the note." The promise must, of course, be supported by a consideration, for, in the absence of a consideration, there is no contract, and the promise is a *nudum pactum*. (*Leonard* v. *Vredenburgh*, 8 John. 37.) The consideration which supports the promise of the guarantor must, under the doctrine of the cases above cited, be the consideration passing between the maker and payee of the note. This point was so decided in *Otis* v. *Haseltine* (27 Cal. 80). In that case, and in *Ford* v. *Hendricks* and the cases therein cited, the

contract of guaranty was made at the same time as the note
or contract upon which the guaranty was indorsed. But
that fact is not the test as to whether the guaranty is an
·original contract, resting upon the consideration of the con-
tract, the performance of which is guaranteed; but it shows,
in the absence of countervailing facts, that the two contracts
are parts of one original transaction. In *Haseltine* v. *Larco*
the two instruments were regarded as one transaction, and
in *Otis* v. *Haseltine* it was considered that both the promise
of the vendee and that of the guarantor constituted the con-
sideration for the sale and delivery of the goods, thus show-
ing that the two promises and the sale and delivery of the
goods constituted one entire transaction. It is a matter of
no moment at what time, relative to each other, the contracts
may have been made and delivered, and the consideration
may have passed, if they together constituted one transac-
tion; though it may be important, in ascertaining whether,
in fact, they are branches of one transaction. Here it is
found, as we understand the finding, that the sale and deliv-
ery of the horses and the making and delivery of the note
and guaranty constituted one transaction. The considera-
tion of the one promise, therefore, supports the other. The
note and the guaranty, on the one side, and the sale and
delivery of the horses on the other, constitute, respectively,
considerations for each other; and the guaranty is valid,
though the consideration is not therein expressed.

In view of the finding in this case, which we have alluded
to, it becomes unnecessary to examine the doctrine of *Brew-
ster* v. *Silence* (8 N. Y. 210) and other cases in that State,
that the principal contract and the guaranty is each a dis-
tinct and entire contract, and that the writing in the latter
case must express the consideration; but it is apparent that
it cannot be sustained in this State without overturning the
uniform authority of the cases in our own Courts.

Judgment affirmed.

SPRAGUE, J., expressed no opinion.