JOHN GAGAN, RESPONDENT, v. LORENZO S. STEVENS, (IMPLEADED WITH JAMES H. KYNER), APPELLANT.

PLEADING.—JOINING MAKER AND GUARANTOR.—The maker and the guarantor of a promissory note may be sued thereon in the same action, under section 1240, of the Compiled Laws of Utah Territory.

GUARANTY NOT EXPRESSING CONSIDERATION.—When the guaranty of a third party is written on the same paper as a promissory note, prior to its delivery and is a condition of its acceptance, such guaranty is supported by the consideration of the note and need not express a consideration.

APPEAL from a judgment of the district court of the third district, and from an order refusing a new trial. The opinion states the facts.

*Mr. James N. Kimball*, for the appellant.

Appellant is improperly joined as a party defendant with Kyner.

"Principal and guarantor cannot be sued as co-defendants, their obligations are distinct—not arising upon the same instrument—and this, even though the guaranty be written upon the same paper with the note it secures:" *Carman* v. *Plass*, 23 N. Y., 286; *Harris* v. *Eldrige*, 5

Abb. N. C., 278; *Cole* v. *Merchants' Bank,* 60 Ind., 350; *Graham* v. *Ringo,* 67 Mo., 324; *Tibbits* v. *Percy,* 24 Barb., 39; *Allen* v. *Fosgate,* 11 How. Pr., 218; *Barton* v. *Speis,* 5 Hun., 60.

The complaint does not state facts sufficient to constitute a cause of action against appellant.

The obligation of appellant, if any, is to answer for the debt of Kyner. The contract was made in Idaho. Under the statute of that territory, "every special promise to answer for the debt, default or miscarriage of another" is to be void unless some note or memorandum thereof expressing the consideration, be in writing and subscribed by the party to be charged therewith: Revised Laws Idaho, page 608.

The written guaranty is void because the writing does not express the consideration.

The statute above cited expressly requires that the consideration be expressed in the writing, and the fact that the guaranty is written upon the same paper that the note is, does not dispense with this requirement, and render the contract valid.

The undertaking of appellant and Kyner are distinct and separate and each must be complete in itself.

They are entirely different in their nature, and between different parties, and cannot be read together: *Cloff* v. *Webb,* 52 Wis., 638: (S. C. 9 Northwestern Rep., 796); Brandt on Suretyship and Guaranty, sec. 74; *Brewster* v. *Silence,* 8 N. Y., 207; *Draper* v. *Snow,* 20 N. Y., 331; *Huston* v. *Field,* 6 Wis., 407; *Hall* v. *Farmer,* 5 Denio., 484; Same case 17 N. Y., Common Law, 853; *Von Dorem* v. *Tjader,* 1 Nev., 380.

*Messrs. Marshall & Royle,* for the respondent.

BOREMAN, J.:

This is an action brought in 1883, by respondent John Gagan against L. S. Stevens, appellant (impleaded with James H. Kyner), as guarantor of the payment of a certain promissory note, which is in words and figures following, to-wit:

"Shoshone, Idaho, May 10, 1883.

Due John Gagan, or order, nine hundred and thirty-five and 35-100 dollars, for freighting to Indian creek.

James H. Kyner."

The alleged guaranty by appellant is made at Shoshone about the tenth day of June, 1883; it was written upon the foregoing instrument, at the bottom thereof, and is in words following, to-wit: "Guaranteed by L. S. Stevens, H. A. Hall." The appellant demurred to the complaint, and the demurrer being overruled, he filed answer. The case was tried before the court without a jury. At the conclusion of the evidence on the part of the respondent (plaintiff below), a motion for non-suit was made by the appellant and overruled by the court. Judgment having been given for the respondent, the appellant moved for a new trial, which was denied, and thereupon the case was brought to this court on appeal from the judgment and from the order of the court overruling the motion for a new trial.

The appellant alleges, as a ground for the reversal of the judgment, that he is improperly joined as a party defendant with Kyner; that Kyner is principal and he is guarantor, and for this reason they cannot be united in the same suit upon the note.

Our civil practice act (Comp. Laws, 1876, p. 1403, sec. 1240), says: "Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, *and sureties on the same or separate instruments*, may all, or any of them, be included in the same action, at the option of the plaintiff." A similar provision is found in the California statute. In New York the words in italics are omitted, but otherwise the provision is the same.

Without the statute, the appellant certainly could not have been united in this action as defendant with Kyner. At common law no such action could have been maintained.

The language of the section quoted from our statute would seem to have been intended to include guarantors, by the insertion of the words which we have italicised, if

not without such words.   Every guaranty is substantially a contract of suretyship, although a contract of suretyship need not be a guaranty: 2 Am. Lead. Cases, pp. 135, 384, 410.

Surety is a general term and guaranty is a special.   In statutes where there is nothing to limit it, surety is taken to include guaranty.   A similar section to ours, in Nevada, is by the supreme court of the state declared to expressly authorize a joinder of guarantor and maker: *Van Doren* v. *Zades*, 1 Nev., 326.

The case of *Carmen* v. *Plass*, 23 N. Y., 286, referred to by appellant, bears out the same idea, even under the New York statute, if the maker and guarantor sign the same instrument, the one as maker and the other as guarantor.   But we cannot see that the fact that they both signed the same instrument should affect the case, as their liability was several, and the ground of appellant's objection in the case at bar is that the liability of the maker and the guarantor is several, and for that reason they should not be united in the same action.

It is evident that our statute, especially by the introduction of the words we have italicised in the quotation, was intended to allow all parties who are connected directly with the execution of a contract, either technically speaking, as makers, indorsers, sureties, or guarantors, to be united in one action, notwithstanding their liability may be several.

It is urged that the complaint did not state facts sufficient to constitute a cause of action; that the obligation of appellant, if any, is to answer for the debt of Kyner; and that there is no note or memorandum thereof in writing expressing a consideration and signed by the party as required by the statute of frauds.   The contract was made in Idaho, and under the statute of that territory, which is similar to our statute, every special promise to answer for the debt, default, or miscarriage of another is to be void, unless some note or memorandum thereof expressing the consideration be in writing and subscribed by the party to be charged therewith: Rev. Laws of Idaho, 608.

The appellant wrote at the bottom of the note and on the same paper, "Guaranteed by L. S. Stevens, H. A. Hall." No consideration was expressed in the words he wrote. The object of the statute was to prevent frauds arising out of the temptation to charge upon a solvent person a promise to be answerable for the default of one who, after obtaining credit, has been found irresponsible: Baylies' Sureties & Guarantors, 61.

The attempt in the present case is not to charge appellant upon a promise made after obtaining the credit by Kyner. The note was executed on the tenth day of May, 1883, and the writing by the appellant was on the tenth day of June, 1883. Although there was a month's difference in time of execution of the note and the writing of the guaranty by appellant, the guaranty was written before the note was delivered to give it effect. There is a difference between parting with possession and a legal delivery which is to give it effect: Baylies' Sureties & Guarantors, 97, 98; *Howland* v. *Aitch*, 38 Cal., 133.

The guaranty likewise, although written after the date of the note, was so written in pursuance of a prior agreement. In such a case no consideration is necessary, and, of course, none need be expressed: *McNaught* v. *McClaughey*, 42 N. Y., 22; *Moies* v. *Bird*, 11 Mass., 436; *Standley* v. *Miles*, 36 Miss., 434.

There is another rule which, when applied to this case, would take it out of the statutes. Where the main or immediate object of the party promising is not the payment of the debt of another, but to subserve some purpose of his own, the promise is not within the statute, although its performance may have the effect of discharging the debt of another: *Emerson* v. *Slater*, 22 How., 28.

The case referred to is somewhat analogous to the present one. In both cases the promisors were interested in having the work done, and that was the motive for their promise—it was to benefit the promisor.

It is further laid down in California, that where the promises of the debtor and guarantor are parts of one and the same original transaction, the indorsement by the

guarantor is not within the statute of frauds: *Howland v. Aitch*, 38 Cal., 133.

We see no error in the decision of the court below, and it is affirmed.

ZANE, C. J., and POWERS, J., concurred.