May Term, 1841.

TAYLOR
v.
CLAYPOOL.

*Saturday, May 29.*

---

Taylor *v.* Claypool.

A judgment in a suit against two persons on a joint promissory note, rendered against one of them, (the other not having been found,) is a bar to a subsequent suit against both on the same note.

TAYLOR
v.
CLAYPOOL.

Saturday,
May 29.

To authorize a judgment against *A.* in a suit against him and *B.* on a joint contract (the former only having been found,) the plaintiff must show a good cause of action against both.

ERROR to the *Franklin* Circuit Court.

BLACKFORD, J.—*Taylor* brought an action of assumpsit against *William H. Moseley* and *William W. Claypool,* on a joint promissory note. The writ was returned *non est inventus* as to *Moseley. Claypool* appeared and pleaded as follows: That the plaintiff heretofore, &c., impleaded the defendant and *Moseley,* &c., for not performing the same promises, &c.; and that the plaintiff in that suit (it being suggested that the writ had been served on *Moseley* and not on *Claypool*) obtained a judgment against *Moseley* for the amount due, &c. General demurrer to the plea, and judgment for the defendant.

This is a joint action against *Moseley* and *Claypool;* and, to support it, the plaintiff must have a joint cause of action against the defendants (1). The plea shows, that the plaintiff has no such cause of action; because it shows that he had previously obtained judgment against *Moseley* on the note now sued on. The note, at least so far as *Moseley* is concerned, was merged in the judgment; and any suit in which he is a defendant, founded on the note, must be barred by that judgment. It is true that, by our statute, if a suit on a joint contract be brought against two, and one only can be found, judgment may be taken against him alone on whom process has been served. R. S. 1838, p. 446. But still, as the action is against both, a judgment against the one served with process cannot be obtained, unless the plaintiff can show that he has then subsisting a good cause of action against both. The case of *Sheehy* v. *Mandeville et al.,* 6 Cranch, 253, seems to be opposed to the plea before us; but that case, as shown in *Robertson* v. *Smith,* 18 Johns. 459, cannot be supported.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Ryman,* for the plaintiff.

*G. Holland,* for the defendant.

(1) According to that principle, the defendant in such case on whom process is served cannot set off a debt due to him alone from the plaintiff; but a debt which the plaintiff owes him and his co-defendant not served with process may be set off.