J. R. RIGGS, Appendant, v. W. WALDO, and HENLEY and HASTINGS, Respondents.

One who puts his name upon a promissory note out of the usual course of regular negotiability, is not an endorser. He is a guarantor. And this whether his inscription is in blank or proceeded by the words " I guarantee," &c.

Such guarantee is not within the Statute of Frauds, for the want of a consideration expressed in writing.

The contract,—the promissory note,—imports a consideration; each one who writes his name upon it, is a party to it, and each party an original undertaker.

The liability of an endorser is a guaranty that he will pay if the maker does not upon presentment, if he receive due notice. And the liability of the guarantor is the same as that of the endorser, and he is entitled to all his rights, *stricti juris.*

APPEAL from the Sixth Judicial District for the City of Sacramento.

The complaint sets forth that William Waldo made his promissory note on the 19th June, 1852, in which he promised to pay sixty days after date, to the order of Burton Lace and Harden Bigalow $1500, for value received, bearing interest at the rate of three per cent. per month. Endorsed "Burton Lace, H. Bigalow;" and that the said Henley and Hastings then, for a valuable consideration, to wit, the sum of $1300 paid to them by plaintiff, guaranteed the payment of said note in the words following, to wit, "We guarantee the payment of the within," signed " Henley & Hastings," who thereby became bound to pay the same at maturity, but have not paid, &c., and prays judgment.

June 26, 1851.—Defendants Henley & Hastings demurred to the complaint. 1. Because there is no consideration expressed in the alleged guarantee; 2. Because plaintiff has no interest in the note as expressed in the complaint; 3. Because no cause of action is set forth against defendants Henley & Hastings, and because the complaint is generally defective.

Sept. 29, 1851.—The Court sustained the demurrer, and gave judgment against Waldo, who had made default.

Oct. 11, 1851.—The plaintiff appealed from the judgment of the Court rendered at September term, "to wit, that part of the judgment which sustained the demurrer of Henley & Hastings."

Argument for appellants.

The endorsement is not within the Statute of Frauds, and is not a collateral undertaking. 1 Hill, 256; 2 do. 584; 3 Comstock, 203; 4 Den. 559; 8 Johns. 29; 4 Hill, 178; 7 Johns. 463; 8 do. 376; 10 do. 412; 13 Wend. 114; 10 do. 412; 3 Metcalf, 396.

*Hastings*, for the respondents. The words, "I guarantee the payment," limit the liability to a mere guaranty. Sto. on Prom. Notes, sect. 472; and the guarantor is not liable as a maker. Ib. The contract is not absolute, but conditional. Ib. Green. Rep. 334; 1 Spencer, 256. The party should have notice of non-payment. Paige, 638; Story on Notes, 500. Plaintiff must aver demand and notice, or shew an excuse. Ib. 610, sec. 485. The consideration is not expressed in the guaranty, which renders it void by the Statute of Frauds, sect. 12, 1850. As to demand and notice, where the undertaking is collateral, see 2 M'Lean, 27 and 37, &c.; 7 Peters, 126. The pleadings do not aver that the plaintiff is the holder of the note, nor that it was indorsed to him, nor that the indorsers have not paid. The guaranty is void by the Statute of Frauds. 5 Hill, 146; 3 Hill, 587. The New York decisions are not recognized in several States. See Story cited above; and are being overruled, see 7 Hill, 416; 11 Met. 563.

Justice HEYDENFELDT delivered the opinion of the Court. One who puts his name on the back of a promissory note out of the course of regular negotiability, is not an indorser, according to strict commercial meaning. He is termed a guarantor, and this is so, whether his inscription is simply in blank, or preceded by the words "I guarantee, &c."

The first question here is, whether this kind of guaranty is within the statute of frauds, for the want of an expressed consideration in writing. The point is not a new one. It has arisen before in many, and probably in every commercial country, which has adopted the English statute of frauds. While there has been some conflict in the opinion of different Courts, the main current

of decisions and the better reasoning maintains the negative of the proposition.

The contract imports a consideration, because it is a promissory note.   Each one who writes his name upon it is a party to it, and from its commercial character, each party to it is an original undertaker.   The liability of one may be with conditions, that of others without any; or in other words, the liability may be primary and secondary.   But each name constitutes a direct original promise founded upon the same consideration.

In regard to the character of the guarantor's liability, there has been much more conflict of decisions.   In New York, and some other States, he is placed upon the same footing as the maker.   In others, again, his liability is secondary, and must be fixed by due diligence to enforce the contract against the principal, and in some, it is hard to discern what doctrine is intended, as it seems that each decision is made for the particular case, and not for the establishment of a permanent rule.

Judge Story, in his Treatise on Promissory Notes, says, " The guarantor contracts, upon the dishonor of the note, that he will pay the amount upon a presentment being made to the maker, and notice given him of the dishonor of the note within a reasonable time."   And he then goes on to say, that what is reasonable time must be determined by the fact, whether the guarantor has been injured for the want of reasonable notice.

It is with some hesitation that I am constrained to dissent from such a distinguished writer.   But his doctrine would equally maintain the ground against any notice whatever, for it would always be difficult, if not impossible, to determine that the mere want of notice inflicted the injury.   The greatest objection to it, is, that it is no rule at all.   It leaves every case open to uncertainty, forces every contract of the kind into litigation, and each case having to be determined according to its own particular facts, its decision would scarcely ever be useful in the adjudication of any other case.

The wants of a commercial community demand a rule which is simple and certain; and this can be readily attained by a resort to the principles of the common law.

A name written on the back of a note, gave to the writer his title of endorser, and fixed the character of his liability.   If the

name was written without regular succession, according to commercial usage, a distinction in the description of the latter was instituted, and he was called "guarantor." This distinction, however, was only in name—the act performed by each is precisely the same; and it is a well settled and safe rule, that the act discloses the intent. When this irregular mode of security was first resorted to, it is hardly within the compass of reason to suppose, that the guarantor or the holder imagined that the undertaking was in any respect different from that of an endorsement. And it has only been made so by those minds which rather indulge in nice distinctions and subtle refinements, than lean upon the plain, substantial reason, which is the foundation of the law.

The contract of an endorser is simply a guaranty, or declaration that he will pay, if the maker does not pay upon presentment, if he receives due notice. Now if this legal definition of his liability was written over his signature, would it alter his liability? And if not, is the term "guarantee" potent enough in its true signification to alter his condition?

Blackstone says, "Each endorser is a warrantor for the payment of the bill." He there uses the term warrantor, which we have superseded by the term guarantor. There can be no real distinction between the two, for the one is a synonime of the other. If, then, the endorser is the warrantor, the liability of the guarantor must be the same as the liability of the endorser.

It follows from this view, that where one writes his name on the back of a promissory note, either in blank, or accompanied by the use of general terms, his undertaking is attended with all the liability and all the rights of an endorser *stricti juris*.

In this case the declaration does not aver a presentment of the note to the makers at maturity, and due notice of non-payment to the guarantors.

The judgment is affirmed with costs.