## BRADY v. REYNOLDS.

WHERE a promissory note was made payable to S. and previously to its delivery to the payee, was indorsed for the accommodation of the maker, by H. and brother and defendant, upon an agreement of the indorsers with each other that each would become surety if the other would; *Held*, that the indorsers were guarantors and were jointly and not severally liable, in a suit by the payee, or a third person taking the note after maturity.

To create a several liability, express words are necessary.

The decision of this Court in Riggs v. Waldo, 2 Cal. 485, only goes to the extent of holding that a notice of protest is as essential to charge a guarantor as an indorser.

*Quere:* Whether the intimation of the Court in that case as to there being no distinction between the undertaking of an indorser and that of a guarantor, is correct. The contract of indorsement is, primarily, that of transfer; the contract of guaranty is that of security.

A judgment against one or more joint guarantors of a note bars the action against the others. When the contract is joint, and not joint and several, the entire cause of action is merged in the judgment.

APPEAL from the Fourth District.

Plaintiff had judgment below, and defendant appealed.

The facts appear in the opinion of the Court.

*Heydenfeldt* and *Papy* for Appellant.

*Charles H. S. Williams,* for Respondent.

FIELD, J. delivered the opinion of the Court—TERRY, C. J. concurring.

This action is brought to charge the defendant as indorser upon a promissory note of one Minier. The note is payable to one William Smith, and previously to its delivery to the payee, was indorsed by Harper and brother and the defendant. These parties were accommodation indorsers; they placed their names on the paper to assist the maker in obtaining money upon it.

The indorsement was made by them upon an agreement with each other that they would each become surety if the other would, or, in other words, that they would become sureties together. The indorsement is not evidence of any title in the parties, or of any transfer thereof; it is of an irregular character, not made in the usual course of business, and is, in fact, nothing more than a guaranty. It is of no consequence whether the name of Reynolds was in fact signed before or after that of the Harpers, as the undertaking of all must be regarded as joint, as much so as if they had signed the contract on a distinct and separate instrument. Had they signed a promissory note, their contract would, of course, have been regarded as joint, and not several, and it is only by overlooking the fact that they are not regular indorsers, but guarantors, that any doubt can be suggested of their joint liability. Over their names a contract of guaranty could have been written in terms, and its construction would necessarily have been that it was joint, and not several, for it is a settled principle that there must be express words to create a several liability. (Chitty on Contracts, 96; 1 Chitty's Plead. 41.) The decision of this Court in Riggs *v.* Waldo, (2 Cal. 485,) only goes to the extent of holding that a notice of protest is as essential to charge a guarantor as an indorser. It does not change the previous rule in relation to guarantors in any other respect. There are words, it is true, in the opinion which lead to the inference that the distinguished Judge, who delivered it, considered the distinction between the undertaking of an indorser and that of a guarantor, more nice and subtle than solid and just. In this we may differ from him, for we are disposed to regard the undertaking of the two as materially different. The contract of both is conditional, but the conditions are unlike. The contract of indorsement is primarily that of transfer; the contract of guaranty is that of security. It is unnecessary, however, to question the language or reasoning of the opinion—the case only decides that notice of protest is equally necessary to fix the liability of a guarantor as to fix that of an indorser.

The undertaking of the Harpers, and the defendant being then regarded as joint, the principal question raised upon the appeal is susceptible of a ready solution. The payee sued the Harpers upon the guaranty, and recovered judgment. The en-

tire contract was merged in that judgment.    The defendant was not made a party to the suit, and as he was only liable jointly with the Harpers, the effect of the judgment was to relieve him of all responsibility.    The payee could not have maintained a suit subsequently against the defendant, and the assignment of the note gave to the plaintiff no greater rights than the payee possessed.    There is no rule better settled than that a judgment against one on a joint contract of several, bars the action against the others, even though the latter were dormant partners unknown to the plaintiff when the original action was brought. (Smith *v.* Black, 9 Seargt. & Rawle, 142 ; Ward *v.* Johnson, 13 Mass. 148.)    When the contract is joint, and not joint and several, the entire cause of action is merged in the judgment.    The joint liability of the parties not sued with those against whom the judgment has passed, being gone, their entire liability is extinguished.    They cannot be sued separately, for they have incurred no several obligation ; they cannot be sued jointly with the others, because judgment has been already rendered against the latter, who would otherwise be subject to two suits for the same matter.    (See, also, Pierce *v.* Kearney,  5 Hill, 86 ; Taylor *v.* Claypool, 5 Black. 557.)

The views we have taken go to the marrow of the case, and render it unnecessary to consider the other positions urged upon our attention.

Judgment reversed and cause remanded.