## GEIGER *v.* CLARK *et al.*

*Riggs* v. *Waldo*, 2 Cal. 486; *Pierce* v. *Kennedy*, 5 Cal. 138, affirmed.

APPEAL from the Twelfth District.

The note sued on was made by Taylor, one of the defendants, to the order of plaintiff. The guaranty, as stated in the opinion, was made by defendants, Clark & Beckh, on the face of the note, at the time of its execution by Taylor.

Plaintiff appeals.

*John Satterlee*, for Appellant.

The obligation of defendants is unconditional. (1 Hill, 256; 3 Id. 584; 24 Wend. 35; 2 Comst. 225; 3 Kent's Com. 124.)

*Campbell & Turk*, for Respondents, cited: *Riggs* v. *Waldo*, 2 Cal. 416; *Pierce* v. *Kennedy*, 5 Id. 138; *Oxford Bank* v. *Haynes*, 8 Pick. 423; *Talbot* v. *Gay*, 18 Id. 534; 9 Serg. & R. 198; 2 Watts, 128; Story on Promissory Notes, Sec. 472; 2 McLean, 21, 369, 557; 7 Pet. 113; 5 Id. 624; 23 Me. 565; 2 Taun. 206; 8 East. 242.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

Suit brought on a guaranty of a promissory note. "For value received, we guaranty the payment of the within note." No averment of demand or notice is made in the complaint; the defendants demurred. The Court sustained the demurrer, and the question is, whether this guaranty is an unconditional obligation to pay the amount of the note.

The authorities are conflicting in other States, and the ablest jurists are divided in opinion upon the question. Probably, in number, the preponderance is in favor of the rule of conditional

liability, though it may well be questioned if the weight of argument be not on the other side.    But early in the history of our jurisprudence, it has been held that notice is necessary in such cases, as in cases of indorsement, (*Riggs* v. *Waldo,* 2 Cal. 486,) and this after full discussion.    Subsequently, in *Pierce* v. *Kennedy,* (5 Cal. 138,) the same doctrine was reaffirmed.    Unless in cases of a manifest departure from what we esteem the true and well settled line of decision, we are not disposed to overrule the solemn decisions of the Court, for a long time acquiesced in, and which, probably, have furnished standards by which the contracts and business of the State have been regulated.

Judgment affirmed.