ALVIN FORD v. W. T. HENDRICKS AND ZELOTES
REED.

34  673
94  103
34  673
120  690

WHO A GUARANTOR OF NOTE.—One who writes on the back of a promissory note,
over his signature subscribed by him : " I hereby waive demand, notice of non-
payment and protest," is a guarantor of the note.

IDEM—WHEN NOT WITHIN STATUTE OF FRAUDS.—The promise of a guarantor, when
made before the delivery of the note, is not within the Statute of Frauds.

APPEAL from the District Court, Fifteenth Judicial Dis-
trict, Contra Costa County.

This was an action upon a promissory note, made by
defendant Hendricks, and indorsed by defendant Reed.
The note and indorsement were in the following words :

" $1,720.                              PACHECO, April 8, 1862.
" One day after date I promise to pay to the order of
Alvin Ford seventeen hundred and twenty dollars, for value
received, with interest at two per cent per month till paid.
                                    " W. T. HENDRICKS."

"I hereby waive demand, notice of non-payment and
protest.                                    ZELOTES REED."

The defense on the part of Reed was want of considera-
tion for his indorsement, and that it is within the Statute
of Frauds.    On the trial it appeared that the note was
given for an antecedent debt of Hendricks, but was indorsed
by Reed before its delivery to plaintiff.    Plaintiff had judg-
ment in the Court below against both defendants.    Defend-
ant Reed moved for a new trial, which was denied, and
appealed from the judgment and the order denying a new
trial.

*Thomas A. Brown,* for Appellant.

Appellant's indorsement of the note is nothing more than
a guaranty.    (*Brady* v. *Reynolds*, 13 Cal. 31; Story on Prom.
                    85

Notes, Secs. 434, 458; Fell's Law of Guar. and Sur., 1; *Hall* v. *Farmer & Doolittle*, 5 Denio, 484; Chit. on Cont., 4th Am. Ed., 397; 3 Kent Com. 121; *Miller* v. *Gasten*, 2 Hill, 191; 2 Wend. 630.)

Appellant's waiver of notice of non-payment and protest operates as a waiver of that notice of non-payment to which he would have been entitled as a guarantor, and no more. (*Riggs* v. *Waldo*, 2 Cal. 485; *Pierce* v. *Kennedy*, 5 Cal. 139; *Geiger* v. *Clark*, 13 Cal. 580.)

The indorsement is insufficient to charge appellant as a guarantor, for want of a consideration to support it. His undertaking is clearly within the twelfth section of the Statute of Frauds. (1 Hittell, Art. 3,156; *Hazeltine* v. *Larco*, 7 Cal. 34; *Hall* v. *Farmer & Doolittle, supra; Leggett* v. *Remmond*, 6 Hill, 640; 3 Kent Com. 121.)

Appellant's indorsement, having been made after the creation of the debt of which the note is evidence, is void for want of a consideration expressed therein. (Story on Prom. Notes, Sec. 457, and cases cited; *Kemp* v. *Brown*, 5 Hill, 145, and cases cited under second point.)

*M. S. Chase,* for Respondent.

Appellant Reed, by his contract, became either an original promissor, or an indorser, or a guarantor, and is equally liable in whichever of these conditions he may be adjudged to stand; and there was sufficient consideration to support the undertaking. (*Manrow* v. *Durham,* 3 Hill, 584; Edw. on Prom. Notes, 186, 187.) The note and indorsement, then, considered as parts of and constituting but one transaction, the consideration for the note is consideration also for the guaranty, and its expression for the former stands as its expression for the latter. (1 Pars. on Cont. 196; *Riggs* v. *Waldo*, 2 Cal. 486; *Evoy* v. *Tewksbury*, 5 Cal. 285; *Jones* v. *Post*, 6 Cal. 102; *Hazeltine* v. *Larco*, 7 Cal. 33; *Union Bank* v. *Costar*, 3 Coms. 204; Story on Prom. Notes, Sec. 134; Edw. on Prom. Notes, 273.)

" Where the note is negotiable and is indorsed in blank by a third person not being the payee or a prior indorsee thereof, then in the absence of controlling proof it is presumed that such person means to bind himself in the character of an indorser, and not otherwise, and precisely in the order and manner in which he stands on the note." (Story on Prom. Notes, Sec. 480.  See, also, Edw. on Prom. Notes, 273, 274, 650.)

But if not a guarantor or an indorser, appellant is an original promissor, and as such liable.

By the Court, SANDERSON, J. :

As to the relation of Reed—whether it be that of maker, indorser or guarantor—there is much conflict of authority; but, under the settled rule in this State, he must be regarded as a guarantor.  (*Riggs* v. *Waldo*, 2 Cal. 485; *Pierce* v. *Kennedy*, 5 Cal. 138; *Brady* v. *Reynolds*, 13 Cal. 31; *Geiger* v. *Clark*, 13 Cal. 579.)

It is equally well settled in this State that the promise of a guarantor is not within the Statute of Frauds if made before the delivery of the note.  (*Riggs* v. *Waldo*, *supra*; *Evoy* v. *Tewksbury*, 5 Cal. 285; *Jones* v. *Post*, 6 Cal. 102; *Hazeltine* v. *Larco*, 7 Cal. 32; *Otis* v. *Hazeltine*, 27 Cal. 80.)

The mere fact that Reed indorsed the note several days after it was executed by Hendricks does not affect the question.  The note only took effect upon its delivery to Ford, and Reed's name was indorsed upon it before that time.

Judgment affirmed.