No. 2,382.

R. M. JONES *et al.*, RESPONDENTS, *v.* F. L. B. GOODWIN AND H. WILCOX, APPELLANTS.

GUARANTOR — LIABILITY OF. — A person who writes his name in blank on the back of a note to which he is not a party, prior to delivery, stands in the same relation to the parties to, and to the holder of the note as an indorser, and is entitled to a like demand and notice in order to fix his liability.

APPEAL from the District Court of the Seventh District, Solano County.

The facts are stated in the opinion.

*Wm. S. Wells,* for Appellant.

It was well settled in this State as early as 1852, in the case of *Riggs.* v *Waldo* (2 Cal. 485), that the liability of an indorser is *stricti juris;* that he is entitled to all his rights — demand, notice, etc.; and we might well rest our case upon this, and invoke the doctrine of *stare decisis* to determine this question in our favor, for the doctrine of *Riggs* v. *Waldo* has been repeatedly affirmed in this Court. (*Pierce* v. *Kennedy* 5 Cal. 138; *Brady* v. *Reynolds,* 13 Cal. 31; *Geiger* v. *Clark, Id.* 579.)

*W. W. Pendegast* and *L. C. Hays,* for Respondents.

No brief on file for Respondents.

TEMPLE, J., delivered the opinion of the Court :

The defendant, Wilcox, signed his name in blank upon the back of the note and before the delivery of the same. After the note became due, but too late to charge Wilcox, as indorser, demand was made for payment, and upon its refusal, notice given to Wilcox. It is claimed that the failure to make demand and give notice in time discharged defendant, Wilcox.

A great diversity of opinion exists as to the nature of the liability of one not being a party who indorses his name in blank upon a note before delivery. In England he is held

(T.)

to be a guarantor, and his contract is, that the maker of the note will pay at maturity, or, if he does not, the guarantor will. No demand or notice is considered necessary as a condition precedent to fixing the liability of the guarantor, or to the commencement of the action; but a failure to make demand and give notice, together with proof of injury, is *pro tanto* a defense.

In some States, as in Massachusetts, Vermont and Louisiana, he is regarded as a surety or joint maker of the note, and unconditionally liable. In some States he is held to be a guarantor, and various effects have been given in these States to the contract of guarantee, sometimes being held to be conditional; at other times absolute; and very frequently parol evidence is admitted to explain what the contract really was. In other States, as in New York, Tennessee, Iowa, and we may add, California, he is held as indorser.

. So far back as 1852 the Supreme Court of this State, in *Riggs* v. *Waldo* (2 Cal. 487), held that the liability of a guarantor, under such circumstances, was that of an indorser; and this case has been affirmed by numerous subsequent decisions. The respondent, however, claims that in these cases no demand and notice whatever had been made or given, and therefore it was only necessary to hold that demand and notice are necessary to fix the liability of a guarantor. We think, however, this is not a proper construction of the decisions. In *Riggs* v. *Waldo* the question was as to the nature of the liability of one who, not being a party to a note, indorses his name in blank before delivery; and it was held that "his undertaking is attended with all the liability and all the rights of an indorser *stricti juris*." It was held that demand and notice were necessary, because his liability was that of an indorser; otherwise no demand and notice would be necessary to fix the liability, nor could they become material except upon the question of diligence where loss has been sustained.

The decisions in this State are substantially in accord with those which hold that one who, not being a party to a negotiable bill, indorses it in blank for the purpose of adding to its credit, is an indorser, and in view of the diversity

Points decided.

of opinion on the subject we should not now feel inclined to disturb the doctrine, even if it did not meet our approval.

But we think the doctrine of *Riggs* v. *Waldo* by far the most reasonable and just. There seems to be no difference between the undertaking of a general guarantor and that of an indorser, except that the former, being a party to the note, his contract is construed by the law merchant, while the undertaking of the latter is construed by the general law of contracts. Each undertakes that the maker will pay the note at maturity, and in case of being compelled to pay it for the principal, each has recourse upon his principal to recover the amount paid, and there is no good reason why they should not have equal opportunities to secure themselves from the assets of the maker. The law merchant has established what is due diligence and what is a reasonable time within which demand and notice should be made to bind an indorser, and upon principle the same diligence should be used to charge one who has assumed the same responsibility as a guarantor.

Judgment reversed and cause remanded for further proceedings.