<hr />

[No. 4255.]

## MATTHEW CROOKS v. C. TULLY AND EDWARD DURKIN.

LIABILITY OF INDORSER.—The contract of one who indorses a promissory note after it falls due, and as additional security to prevent legal proceedings from being taken against the payee and indorser, is that of a guarantor, and, even if based on a valid consideration, is fatally defective, unless the writing express the consideration.

NOTICE OF NON-PAYMENT OF NOTE.—The guarantor of a promissory note is entitled to notice of non-payment.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The following is the note upon which suit was brought:

"$1000.   { U. S. Internal Revenue Stamp }   "SAN FRANCISCO, May 28, 1869.
          {   —50 cents—cancelled.   }

"Sixty days after date, for value received, I promise to pay to the order of C. Tully the sum of one thousand dollars, in United States gold coin, and not otherwise, with interest at the rate of two per cent. per month from date until final payment; interest payable in gold coin.
                    (Signed)                        M. NOLAN."

Tully, before the maturity of the note, indorsed and delivered it to the plaintiff, and waived demand or notice of protest, by writing "indorsed" thereon. On the 20th of November, 1869, Durkin, in consideration that the plaintiff would give Nolan and Tully three or four days' further time to pay the note, and would forbear the commencement of a suit against Tully, indorsed the note. Durkin waived demand and notice of protest, by signing his name under the following words: "Notice of protest and demand waived." The complaint did not aver that Durkin waived notice of protest and demand.

The other facts are stated in the opinion.

*J. C. Bates*, for the Appellant.

Durkin's undertaking was a collateral and independent promise made after the delivery, and even after the maturity of the note, and therefore void under the Statute of Frauds, because there was no contract in writing expressing a consideration. (Hittell's Digest of Gen. Laws, Sec. 3156; *Ellison* v. *Jackson Water Co.*, 12 Cal. 552; *Mallory* v. *Gillett*, 21 N. Y. 412; *Miller* v. *Cook*, 23 N. Y. 496; *Smith* v. *Ives*, 15 Wend. 182.)

The theory of plaintiff's case is, that defendant Tully owed a debt to plaintiff by indorsing said note, and he is seeking to hold this defendant liable for such debt—that is, the debt of another person—without any consideration ex-

pressed or implied. That the consideration alleged is between plaintiff and defendant Tully, the court will notice.

If a person puts his name on at the time of making the contract, the consideration expressed in the contract would be sufficient, there is no doubt; for, under the rule in this State, it is held an original and not a collateral promise. (*Otis* v. *Haseltine*, 27 Cal. 80; *Ford* v. *Hendricks*, 34 Cal. 673.)

*G. F. & W. H. Sharp*, for the Respondent.

An indorsement in blank is not within the statute, nor is it necessary for the consideration to be expressed, as a consideration is implied by law. (*McNaught* v. *Claughey*, 42 N. Y. 23; *Ford* v. *Hendricks*, 34 Cal. 673; 2 Pars. N. & B. 117; *Wright* v. *Morse*, 9 Gray, 337; *Strong* v. *Riker*, 16 Vt. 554; *Sylvester* v. *Downer*, 20 Id. 355; Story Prom. Notes, Sec. 480.)

The defendant Durkin was not entitled to notice of non-payment. A demand upon the maker was not contemplated by the parties, as Durkin's indorsement was to save Tully, not Nolan. (Story on Prom. Notes, Sec. 279.) This position is entirely inconsistent with the idea that Durkin was a guarantor.

By the Court, NILES, J.:

The promissory note in suit was made by one Nolan, payable to the order of the defendant Tully, and by the latter indorsed and delivered to the plaintiff before maturity. After the delivery of the note to the plaintiff, and some four months after its maturity, the defendant Durkin, at the request of Tully, indorsed his name upon the note as additional security for its payment, and for the purpose of procuring a delay of legal proceedings by the plaintiff against Tully. Judgment was rendered against both of the defendants, and the defendant Durkin appeals from the judgment and from an order refusing him a new trial.

It is claimed by the counsel for appellant that the contract of Durkin was a promise for the debt on default of

Tully, and as it contained no note or memorandum in writing expressing any consideration, it was within the Statute of Frauds, and void. In this we agree with the counsel.

The contract of Durkin was that of a guarantor. It has been frequently so held by this Court. (*Ford* v. *Hendricks*, 34 Cal. 673 and cases cited.) It is also the settled law in this State and elsewhere, that the promise of a guarantor is not within the Statute of Frauds if made before the delivery of the note, or if made at such time or under such circumstances that the note and guarantee constitute in fact one transaction. (*Howland* v. *Aitch*, 38 Cal. 135; *Ford* v. *Hendricks, supra.*) In these cases the guarantee is considered as an original contract resting upon the consideration of the contract which is guaranteed. But the case before us differs materially from these. There is here no pretense that the guarantee of Durkin formed a part of the principal contract, or was even contemplated when the note was made. It is clearly a collateral contract, pure and simple; and, though based upon a sufficient consideration, is fatally defective in that it fails to express the consideration in writing, as required by our Statute of Frauds. (Parsons on Notes and Bills, 127; *Mallory* v. *Gillett*, 21 N. Y. 413; *Smith* v. *Ives*, 15 Wend. 182.)

There is another point equally fatal to the plaintiff's case. The guarantor of a promissory note is entitled to notice of non-payment. (*Geiger* v. *Clark*, 13 Cal. 579; *Reeves* v. *Howe*, 16 Cal. 152.) No notice to Durkin was alleged in the complaint or proven at the trial.

Judgment and order reversed and cause remanded.