[No. 6,515.—In Bank.]
December 22, 1880.

THOMAS FESSENDEN *v.* J. H. SUMMERS ET AL.

PROMISSORY NOTE—INDORSEMENT BY THIRD PERSON BEFORE DELIVERY.—
    Under Section 3117, Civil Code, a person not a party to a note, who in-
    dorses the same in blank before delivery, is to be regarded not as a
    guarantor, but as an indorser, and as such is entitled to notice of non-
    payment before he can be charged.

APPEAL by defendant D. W. Thompson from a judgment for the plaintiff in the First District Court of the County of Santa Barbara. SEPULVEDA, J.

*Charles E. Huse,* for Appellant:

Thompson was an indorser of the note, and was entitled to notice of the demand for payment at the maturity of the

note, and that it had not been paid.  (*Jones* v. *Goodwin*, 39 Cal. 493; C. C., § 3117.)

*Hall & Hatch*, for Respondent:

Thompson was a guarantor on the note sued upon.  (*Riggs* v. *Waldo*, 2 Cal. 485; *Ford* v. *Hendricks*, 34 id. 673; *Pierce* v. *Kennedy*, 5 id. 138; *Brady* v. *Reynolds*, 13 id. 31; *Geiger* v. *Clark*, id. 579; C. C., §§ 2787, 2806, 2807, 3117; Brandt on Suretyship and Guaranty, § 170.

Ross, J.:

The action is upon a promissory note signed by the defendant Summers, made payable to the plaintiff or order, and indorsed in blank by the defendant Thompson before delivery to the payee.  Thompson indorsed for the purpose of adding credit to the note, and plaintiff made the loan upon the strength of the indorsement.  The note not having been paid, the plaintiff, after its maturity, commenced the present action against Summers and Thompson to recover the amount due upon it.  Summers suffered default, but Thompson appeared and demurred to the complaint.  The demurrer was overruled, and Thompson answered.  A trial being had, the Court below found the facts to be as stated.

In the complaint, however, there is no averment, nor is there any finding, that notice was given to Thompson of the non-payment by Summers of the note when it became due; and this constitutes the ground of the appeal, which is taken by Thompson from the judgment.

Whether or not he was entitled to notice depends upon the nature of the obligation assumed by him.

The decisions of this Court upon the question, prior to the adoption of the Codes, as well as of the Courts of other States, are numerous and conflicting.  Thus in *Ford* v. *Hendricks*, 34 Cal. 673, where the note in suit was signed by Hendricks and indorsed by Reed before its delivery to the payee, who was the plaintiff in the action, the Court said: "As to the relation of Reed—whether it be that of maker, indorser, or guarantor—there is much conflict of authority; but under the settled rule in this State, he must be regarded as a guarantor." In support of this, the Court cited the cases of *Riggs* v. *Waldo*,

2 Cal. 485; *Pierce* v. *Kennedy*, 5 id. 138; *Brady* v. *Reynolds*, 13 id. 31; *Geiger* v. *Clark*, id. 579.

In the subsequent case of *Jones* v. *Goodwin*, 39 Cal. 493, where the defendant Wilcox had signed his name in blank upon the back of the note in suit before its delivery, the Court said: "A great diversity of opinion exists as to the nature of the liability of one not being a party who indorses his name in blank upon a note before delivery. In England he is held to be a guarantor, and his contract is, that the maker of a note will pay at maturity, or if he does not, the guarantor will. No demand or notice is considered necessary as a condition precedent to fixing the liability of the guarantor, or to the commencement of the action; but a failure to make demand and give notice, together with proof of injury, is *pro tanto* a defense.

"In some States, as in Massachusetts, Vermont, and Louisiana, he is regarded as a surety, or joint maker, of the note, and unconditionally liable.

"In some States he is held to be a guarantor, and various effects have been given in these States to the contract of guaranty, sometimes it being held to be conditional, at other times absolute, and very frequently parol evidence is admitted to explain what the contract really was. In other States, as in New York, Tennessee, Iowa, and, we may add, California, he is held as an indorser. * * * The decisions in this State are substantially in accord with those which hold that one who, not being a party to a negotiable bill, indorses it in blank for the purpose of adding to its credit, is an indorser, and in view of the diversity of opinion on the subject, we should not now feel inclined to disturb the doctrine, even if it did not meet our approval."

It will thus be seen that in *Ford* v. *Hendricks*, it was said that it is the settled rule in this State, that a party signing under the circumstances stated is to be held as a guarantor, while in the subsequent case of *Jones* v. *Goodwin*, without referring in terms to *Ford* v. *Hendricks*, it was said that the rule here is that he is to be held as an indorser. In this condition of the decisions, the Legislature, in adopting the Codes, undertook to deal with the subject. Their provisions, however, like the decisions, are not entirely free from conflict.

By Section 2787 of the title of the Civil Code upon the subject of guaranty, it is declared that "a guaranty is a promise to answer for the debt, default, or miscarriage of another person." And by Section 2807, it is provided that "a guarantor of payment or performance is liable to the guarantee immediately upon the default of the principal, and without demand or notice." This last section, it will be observed, changed the rule theretofore prevailing in this State respecting demand and notice.

The provisions of Section 2787, *supra*, are, perhaps, broad enough to include the facts of the case under consideration. But however this may be, the case clearly comes within the express letter and meaning of the subsequent Sections 3108 and 3117 of the title of the same Code upon the subject of negotiable instruments. Section 3108 is as follows:

"One who writes his name upon a negotiable instrument otherwise than as a maker or acceptor, and delivers it with his name thereon to another person, is called an indorser, and his act is called indorsement."

And Section 3117: "One who indorses a negotiable instrument before it is delivered to the payee is liable to the payee thereon as an indorser." This was the exact position of the appellant; and whatever conflict there may be between the sections quoted from the title on the subject of negotiable instruments, and those quoted from the title on the subject of guaranty, the former must control the determination of this cause by virtue of Section 4481 of the Political Code in relation to the effect of the Codes, which reads thus: "If the provisions of any title conflict with or contravene with the provisions of another title, the provisions of each title must prevail as to all matters and questions arising out of the subject-matter of such title."

It may be that Section 2787 was intended only to apply to a case where a party in terms contracts as a guarantor, in which event he would, under Section 2807, be liable immediately upon default of the principal, without demand or notice. But whether this be so or not, we think the rights of the parties must be determined by the rule declared by Sections 3108 and 3117.

Thus tested, Thompson must be held to be an indorser, and

as such, upon well-settled principles, entitled to notice of non-payment.

Demand upon Summers and notice to Thompson of his non-payment being necessary to charge the latter, it follows that it is essential that the complaint should aver those facts.

Judgment reversed and cause remanded, with instructions to the Court below to sustain the demurrer to the complaint.

THORNTON, MYRICK, SHARPSTEIN, and McKINSTRY, JJ., concurred.