[No. 11409. In Bank. — December 10, 1888.]

## MARTIN CHAFOIN, APPELLANT, v. A. G. RICH ET AL., RESPONDENTS.

NEGOTIABLE PAPER — DEMAND AND NOTICE — RIGHTS OF SURETY. — A surety who is one of the apparent makers of a note, and known to be a surety by the payee, is not entitled to a demand upon the principal at maturity and notice of non-payment, to fix his liability. Under the code, such surety has all the rights of a guarantor, but not those of an indorser.

ID. — RIGHTS OF GUARANTORS. — Under the code, the general rule is that guarantors are liable immediately upon default of the principal, without demand or notice, unless they are in effect indorsers.

APPEAL from a judgment of the Superior Court of San Mateo County.

The action was brought upon a joint note for the sum of four thousand dollars, payable three months after date, executed by A. G. Rich and Michael Dubs, to Martin Chafoin, June 16, 1883. The defendant Dubs pleaded that he signed the note as surety for Rich, with the knowledge and consent of plaintiff, and that the plaintiff had failed and neglected to notify the defendant of the non-payment of the note by Rich until February, 1884, and did not demand payment of defendant until July, 1884. The defendant Dubs recovered judgment in the court below, and the plaintiff appealed.

*George W. Fox*, and *Edward J. Pringle*, for Appellant.

*Edward F. Fitzpatrick*, and *Joseph S. Wallis*, for Respondents.

BELCHER, C. C. — The question presented for decision in this case is this: If a promissory note is executed by two persons as apparent makers, but one of them is in fact a surety for the other, and is known to be such by the payee, must the payee, in order to fix the liability of the surety, present the note and demand payment thereof from the principal at or about the time of its maturity,

and promptly give notice to the surety of its non-payment? or in other words, has the surety the rights and liabilities of an indorser?

Before the adoption of the codes, it was held that one who signed his name to a negotiable instrument as a guarantor had the rights of an indorser, and must have notice of presentment and non-payment. (*Riggs* v. *Waldo*, 2 Cal. 485; 56 Am. Dec. 356; *Geiger* v. *Clark*, 13 Cal. 579; *Jones* v. *Goodwin*, 39 Cal. 493; *Crooks* v. *Tully*, 50 Cal. 254.)

This rule did not, however, apply to sureties. A surety was held to be liable as a maker, and not to be entitled to notice of demand and non-payment. (*Aud* v. *Magruder*, 10 Cal. 282; *Dane* v. *Corduan*, 24 Cal. 157; 85 Am. Dec. 53; *Shriver* v. *Lovejoy*, 32 Cal. 574; *Damon* v. *Pardow*, 34 Cal. 278.)

Has the rule as to sureties been changed by the codes? It is claimed for respondent that it has, and the court below seems to have so held.

There are many provisions in the Civil Code in reference to sureties, guarantors, and indorsers, but those bearing on the question in hand are as follows:—

"Sec. 2832. One who appears to be a principal, whether by the terms of a written instrument or otherwise, may show that he is in fact a surety, except as against persons who have acted on the faith of his apparent character of principal."

"Sec. 2840. A surety is exonerated,—1. In like manner with a guarantor," etc.

"Sec. 2844. A surety has all the rights of a guarantor, whether he becomes personally responsible or not."

"Sec. 2787. A guaranty is a promise to answer for the debt, default, or miscarriage of another person."

"Sec. 2807. The guarantor of payment or performance is liable to the guarantee immediately upon the default of the principal, and without demand or notice."

"Sec. 2819. A guarantor is exonerated, except so far as

he may be indemnified by the principal, if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal in respect thereto in any way impaired or suspended."

"Sec. 2823. Mere delay on the part of a creditor to proceed against the principal, or to enforce any other remedy, does not exonerate a guarantor."

"Sec. 3108. One who writes his name upon a negotiable instrument, otherwise than as a maker or acceptor, and delivers it, with his name thereon, to another person, is called an indorser, and his act is called indorsement."

"Sec. 3117. One who indorses a negotiable instrument before it is delivered to the payee is liable to the payee thereon as an indorser."

In these sections we see nothing to sustain the contention of respondent. Being a surety, he had all the rights of a guarantor. But the general rule established by the code is, that guarantors are liable without demand or notice. (Sec. 2807, *supra*.) It is true that guarantors, who are in effect indorsers, are excepted from his rule. (*Fessenden* v. *Summers*, 62 Cal. 484.) The respondent was not, however, an indorser, and hence does not come within the exception.

We therefore advise that the judgment in favor of defendant Dubs be reversed, and that the cause be remanded, with directions to the court below to enter judgment against him on the findings.

Hayne, C., and Foote, C., concurred.

The Court.— The judgment in favor of defendant Dubs is reversed, and cause remanded to the court below, with directions to enter judgment against him on the findings.

Rehearing denied.