[No. 14505.  In Bank. — March 28, 1892.]

THE FIRST NATIONAL BANK OF SAN DIEGO,
RESPONDENT, v. E. S. BABCOCK, JR., APPELLANT.

NON-NEGOTIABLE NOTE — INDORSEMENT BY THIRD PERSON — GUARANTY —
DEMAND AND NOTICE — EFFECT OF DELAY. — One who writes his name
upon the back of a non-negotiable promissory note to give it credit is a
guarantor, and is liable *prima facie* for the payment of the note upon
default of the principal, without any previous demand or notice, and
no mere delay of the payee to proceed against the principal, or to en-
force any other remedy, will exonerate him from the payment of the
note as such guarantor.

ID. — NOTE PAYABLE TO ORDER — STIPULATION FOR ATTORNEY'S FEE. —
A promissory note containing a stipulation for the payment of an attor-
ney's fee in case suit is commenced to enforce its payment is a non-
negotiable instrument, though payable to the order of the payee.

APPEAL from a judgment of the Superior Court of San
Diego County.

The facts are stated in the opinion.

*Works, Gibson & Titus,* for Appellant.

It was held in some of the earlier cases decided by
this court that an indorsement of a negotiable promis-
sory note rendered the indorser liable as a guarantor.
(*Riggs* v. *Waldo,* 2 Cal. 485; 56 Am. Dec. 356; *Lightstone*
v. *Laurencel,* 4 Cal. 278; 60 Am. Dec. 615; *Geiger* v. *Clark,*
13 Cal. 580; *Reeves* v. *Howe,* 16 Cal. 152; *Pierce* v. *Kennedy,*
5 Cal. 139; *Ford* v. *Hendricks,* 34 Cal. 673.)   As the law
is to-day, the statute has incorporated into the contract
of every guarantor a waiver of demand and notice.
(Civ. Code, sec. 2807.)   Therefore since the enactment
of this provision there is a very material difference be-
tween the liability of an indorser and a guarantor. The
former is entitled to demand and notice, and the latter is
not.   The legal effect of the contract wrongfully written
over the defendant's signature was to change the con-
tract from one of indorsement, which rendered him
conditionally liable, and which entitled him to demand
and notice, to one which was unconditional and deprived
him of such right.   (*Fessenden* v. *Summers,* 62 Cal. 484;

*Southern California Nat. Bank* v. *Wyatt,* 87 Cal. 616; *Chafoin* v. *Rich,* 77 Cal. 476.) In the latter cases in which this question has been presented, it has been directly held that a party signing under the circumstances of this case is liable as an indorser. (*Jones* v. *Goodwin,* 39 Cal. 493; 2 Am. Rep. 473; *Fessenden* v. *Summers,* 62 Cal. 484.) Undoubtedly such a contract as is consistent with the liability incurred by a signing in blank may be written over the signature, but not one which in any way changes such liability, as by waiving demand and notice where they are necessary under a blank indorsement. (*Hill* v. *Martin,* 12 Mart. (La.) 177; 13 Am. Dec. 372.) As to the nature of the defendant's liability, — whether he was bound as a joint maker, indorser, or guarantor, — the authorities are conflicting. In New York the earlier cases held that in case of an express guaranty the party might be held as a joint maker. (*Luqueer* v. *Prosser,* 1 Hill, 256; *Prosser* v. *Luqueer,* 4 Hill, 420; 40 Am. Dec. 288; *Hough* v. *Gray,* 19 Wend. 202; *Allen* v. *Rightmere,* 20 Johns. 365; 11 Am. Dec. 288.) But it has been uniformly held in that state that where the signing is in blank, as in this case, the party is liable as an indorser, and entitled to demand and notice. (*Hough* v. *Gray,* 19 Wend. 202; *Hall* v. *Newcomb,* 7 Hill, 416; 42 Am. Dec. 82; *Seabury* v. *Hungerford,* 2 Hill, 80; *Spies* v. *Gilmore,* 1 N. Y. 321; *Herrick* v. *Carman,* 12 Johns. 159; *Phelps* v. *Vischer,* 50 N. Y. 69; 10 Am. Rep. 433; *Moore* v. *Cross,* 19 N. Y. 227; 75 Am. Dec. Dec. 326.) And the same rule has been established by the decisions in other states. (*Fear* v. *Dunlap,* 1 G. Greene, 331; *Keeling* v. *Vansickle,* 74 Ind. 529; 39 Am. Rep. 101; *Cady* v. *Shepard,* 12 Wis. 713; *King* v. *Ritchie,* 18 Wis. 582; *Eilbert* v. *Finkbeiner,* 68 Pa. St. 243; 8 Am. Rep. 176; *Arnat* v. *Symonds,* 85 Pa. St. 99; 27 Am. Rep. 630; *Watkins* v. *Kirkpatrick,* 26 N. J. L. 84, 91; *Hayden* v. *Welden,* 43 N. J. L. 128, 130; 39 Am. Rep. 551; *Schafers* v. *Farmers' and Mechanics' Bank,* 59 Pa. St. 144; 98 Am. Dec. 323.) These cases accord entirely with the decisions of this court, which held that one who put his name upon a promissory note " out of the usual course

of regular negotiability" was a guarantor. Those cases put the liability on precisely the same footing as that of an indorser in the regular course of negotiability. (*Riggs* v. *Waldo*, 2 Cal. 485; 56 Am. Dec. 356; *Pierce* v. *Kennedy*, 5 Cal. 139.) In some states, under these same circumstances, the party writing his name on the back of a note is liable as a maker, and as between the original parties, as a surety. (*Baker* v. *Briggs*, 8 Mass. 122; 5 Am. Dec. 79; *Josselyn* v. *Ames*, 3 Mass. 274; *Lewis* v. *Harvey*, 18 Mo. 74; 5 Am. Dec. 286; *Cook* v. *Southwick*, 9 Tex. 615; 60 Am. Dec. 181; *Schroeder* v. *Turner*, 68 Md. 506; *Milton* v. *Brown*, 25 Fla. 461; *National Bank* v. *Dorset Marble Co.*, 61 Vt. 106.) The doctrine that the party signing in blank is presumptively a maker is maintained by the supreme court of the United States. (*Good* v. *Martin*, 95 U. S. 90.) There is another line of decisions holding that one who signs under the circumstances of this case is presumed to be a guarantor, and that he is not entitled to notice or a demand on the maker. (*Cushman* v. *Dement*, 3 Scam. 497; *Pahlman* v. *Taylor*, 75 Ill. 629; *Klein* v. *Currier*, 14 Ill. 236; *Chandler* v. *Westfall*, 30 Tex. 475; *Horton* v. *Manning*, 37 Tex. 23; *Firman* v. *Blood*, 2 Kan. 496; *Fuller* v. *Scott*, 8 Kan. 25; *Champion* v. *Griffith*, 13 Ohio, 228; *Van Doren* v. *Tjader*, 1 Nev. 380.) This doctrine seems to have originated in Illinois, and most of the cases holding that way are from that state. We have shown that a different rule has been established and adhered to uniformly for many years in this state. The cases cited refer almost exclusively to negotiable promissory notes. The note which is the foundation of this action is not a negotiable instrument. (*Adams* v. *Seaman*, 82 Cal. 636.) There can be no liability created by the indorsement of a non-negotiable promissory note, for the reason that there is no such thing as an indorser, in a legal sense, of such an instrument. For this reason, it is held that as the party's name purports to be that of an indorser, and there can be no such liability, he cannot be bound without proof of an actual contract between the parties

by which another and different liability will attach to
him.   (Daniel on Negotiable Instruments, sec. 709;
*Fear* v. *Dunlap*, 1 G. Greene, 331; *Story* v. *Lamb*, 52
Mich. 525; *First Nat. Bank* v. *Gay*, 71 Mo. 627; *Kline* v.
*Keiser*, 87 Pa. St. 485; *South Bend Iron Works* v. *Pad-
dock*, 37 Kan. 510.)   Although the weight of authority is
that a party signing his name in blank on the back of
a note before its delivery is liable as an indorser, still,
if the court should follow the other cases, holding him
to be a joint maker, the conclusion of the court is erro-
neous, as such cases do not hold that he became abso-
lutely bound as a guarantor, but that he became only
presumptively liable as such; and all the cases agree
that the question is one of intention between the par-
ties, and that the fact that it was not the intention that
he should be bound as guarantor may be proved by parol.
(*Fear* v. *Dunlap*, 1 G. Greene, 334; *Boynton* v. *Pierce*, 79 Ill.
145; *Chandler* v. *Westfall*, 30 Tex. 477; *Good* v. *Martin*,
95 U. S. 90; *Phelps* v. *Vischer*, 50 N. Y. 69; 10 Am. Rep.
433; *Eilbert* v. *Finkbeiner*, 68 Pa. St. 243; 8 Am. Rep.
176; *Houck* v. *Graham*, 106 Ind. 195, 198; *Kealing*
v. *Vansickle*, 74 Ind. 529; 39 Am. Rep. 101; *Arnat* v.
*Symonds*, 85 Pa. St. 101; 27 Am. Rep. 630; *Watkins* v.
*Kirkpatrick*, 26 N. J. L. 84; *Hayden* v. *Weldon*, 43 N. J. L.
128; 39 Am. Rep. 551; *Schafer* v. *Farmers' and Mechan-
ics' Bank*, 59 Pa. St. 144; 98 Am. Dec. 323; *Tillman* v.
*Wheeler*, 17 Johns. 326; *Fuller* v. *Scott*, 8 Kan. 25; *Cady*
v. *Shepard*, 12 Wis. 713; *Champion* v. *Griffith*, 13 Ohio,
228, and many other cases to the same effect.)

*Conklin & Hughes*, and *Wellborn, Parker & Stevens*, for
Respondent.

While there are cases holding otherwise, we believe
the rule, supported by the weight of authority, to be,
that where a stranger to a note, prior to its delivery to
the payee, indorses it in blank, he is, in the absence of
other evidence of the liability intended to be assumed, a
guarantor.   (Brandt on Suretyship, sec. 207; *Camden* v.
*McKoy*, 3 Scam. 436; 38 Am. Dec. 91; *Cushman* v. *De-*

*ment,* 3 Scam. 497; *Boynton* v. *Pierce,* 79 Ill. 236; *Pohlman* v. *Taylor,* 75 Ill. 629; *Klein* v. *Currier,* 14 Ill. 236; *Stowell* v. *Raymond,* 83 Ill. 120; *Van Doren* v. *Tjader,* 1 Nev. 322; *Chandler* v. *Westfall,* 30 Tex. 475; *Horton* v. *Manning,* 37 Tex. 23; *Furman* v. *Blood,* 2 Kan. 496; *Freller* v. *Scott,* 8 Kan. 25; *Kigner* v. *Shower,* 13 Pa. St. 443; *Clark* v. *Merriam,* 25 Conn. 576.) The logical inference from the signature being upon the back of the note is, that the party was binding himself, not primarily as maker, but as a guarantor. (*Van Doren* v. *Tjader,* 1 Nev. 325; *Josselyn* v. *Ames,* 3 Mass. 274.) But whatever may be the law elsewhere, the rule in California is to the effect that the party is a guarantor. (*Riggs* v. *Waldo,* 2 Cal. 485; 56 Am. Dec. 356; *Pierce* v. *Kennedy,* 5 Cal. 139; *Brady* v. *Reynolds,* 13 Cal. 32; *Ford* v. *Hendricks,* 34 Cal. 673; *Crooks* v. *Tully,* 50 Cal. 254.) Defendant being a guarantor, plaintiff had authority to write over his name an express contract to that effect. (*Boynton* v. *Pierce,* 79 Ill. 145; *Humphreys* v. *Cram,* 5 Cal. 173; *Brady* v. *Reynolds,* 13 Cal. 33; *Cushman* v. *Dement,* 3 Scam. 497.) No notice of demand upon a non-payment by the principal was necessary. (Civ. Code, sec. 2807.) But even if the law in California were otherwise than we have shown it to be, and a third party indorsing a non-negotiable note could be held an indorser, still this would avail the defendant nothing; for the reason that in those states where it is held that there can be an indorser of non-negotiable paper, it is also held that such indorser is not entitled to demand or notice; and where it is held that there can be such indorser, it will be found upon examination that the party is generally the payee of the note. (Randolph on Commercial Paper, sec. 1200; Daniel on Negotiable Instruments, sec. 927; *Long* v. *Smyser,* 3 Iowa, 266; *Billingham* v. *Bryan,* 10 Iowa, 317; *Seymour* v. *Van Slyck,* 8 Wend. 42; 22 Am. Dec. 603.)

Belcher, C. — This is an action upon a promissory note made by one Story, payable to the order of plaintiff ninety days after date, and containing the following

provision: " Should suit be commenced, or an attorney employed to enforce the payment of this note, I agree to pay an additional sum of five per cent on principal and accrued interest as attorney's fees in such suit." The note was executed at the instance and request of the defendant to take up another note on which he was liable; and before its delivery he indorsed it by writing his name upon the back thereof, and then delivered it to the plaintiff.

The complaint contains no averment that demand for the payment of the note was ever made on the maker, or that notice of its non-payment was given to the defendant before the action was commenced; and the answer denies that defendant, by his indorsement or otherwise, waived protest, or demand, or notice of non-payment, or that he guaranteed the payment of the note; and avers that notice of non-payment was never given him by the plaintiff, or any other person.

After trial, the court found the facts, and, as conclusions of law, " that by the writing of his name upon the back of said note and the delivery thereof to plaintiff, the defendant, Babcock, became and is a guarantor upon said note; that no demand or notice of protest was required to be given to said defendant; . . . . that defendant was not exonerated from the payment of said note as such guarantor by the mere delay on the part of plaintiff in bringing suit, or to prosecute Story"; and that plaintiff was entitled to recover from the defendant the amount due on the note, after deducting certain credits.

Judgment was accordingly so entered, and from it the defendant has appealed on the judgment roll.

The principal question in the case is, What liability did the defendant assume by writing his name on the back of the note? or in other words, Did he thereby become a maker, an indorser, or a guarantor of the note? It is contended for appellant that he was an indorser, and that demand and notice of non-payment were necessary to fix his liability. The authorities upon this subject in other states are irreconcilably conflicting, and

the question must be solved by reference to the decisions in this state and the provisions of the code.

In *Riggs* v. *Waldo*, 2 Cal. 485, 56 Am. Dec. 356, Heydenfeldt, J., delivered the opinion of the court, and said: "One who puts his name on the back of a promissory note out of the course of regular negotiability is not an indorser, according to strict commercial meaning. He is termed a guarantor, and this is so, whether his inscription is simply in blank or preceded by the words 'I guarantee,' etc." He then went on to discuss the question; and concluded by saying that the undertaking of such a guarantor "is attended with all the liability and all the rights of an indorser *stricti juris.*"

In *Pierce* v. *Kennedy*, 5 Cal. 139, the note was indorsed by Ford, Lathrop & Co. out of the course of regular negotiability, and the same learned judge said: "The defendants, Ford, Lathrop & Co., were guarantors upon the note which is the foundation of this action." He then added that their liability, according to the decision in *Riggs* v. *Waldo*, 2 Cal. 485, 56 Am. Dec. 356, was strictly that of an indorser.

In *Brady* v. *Reynolds*, 13 Cal. 32, the defendant and two other persons indorsed a promissory note before its delivery, to assist the maker in obtaining money upon it, and it was held that they were guarantors and jointly liable. The court, by Field J., said: "Over their names a contract of guaranty could have been written in terms," etc. It is then further said: "The decision of this court in *Riggs* v. *Waldo*, 2 Cal. 485, 56 Am. Dec. 356, only goes to the extent of holding that a notice of protest is as essential to charge a guarantor as an indorser. It does not change the previous rule in relation to guarantors in any other respect. There are words, it is true, in the opinion which lead to the inference that the distinguished judge who delivered it considered the distinction between the undertaking of an indorser and that of a guarantor more nice and subtle than solid and just. In this we may differ from him, for we are disposed to regard the undertaking of the two as materially differ-

ent. The contract of both is conditional, but the conditions are unlike. The contract of indorsement is primarily that of transfer; the contract of guaranty is that of security. It is unnecessary, however, to question the language or reasoning of the opinion; the case only decides that notice of protest is equally necessary to fix the liability of a guarantor as to fix that of an indorser."

In *Ford* v. *Hendricks,* 34 Cal. 673, the note in suit was made by Hendricks, and indorsed by one Reed before delivery, and the court, by Sanderson, J., said: "As to the relation of Reed, — whether it be that of maker, indorser, or guarantor, — there is much conflict of authority; but, under the settled rule in this state, he must be regarded a guarantor."

In *Crooks* v. *Tully,* 50 Cal. 254, the note sued upon was indorsed by one Durkin after it became due to obtain further time for the maker to pay it; and the court, by Niles, J., said: "The contract of Durkin was that of a guarantor. It has been frequently so held by this court."

It clearly appears from these decisions that when one, before the enactment of the codes, wrote his name on the back of a promissory note for the purpose of giving it security, and not for the purpose of transfer, his undertaking was that of a guarantor, though he was entitled to the same notice of demand and non-payment as he would have been if an indorser. (See also *Jones* v. *Goodwin,* 39 Cal. 493; 2 Am. Rep. 473.)

In this condition of the decisions the codes were enacted, and we must look to them to see in what respects, if any, the rule above stated has been changed. The Civil Code contains the following provisions: —

· "Sec. 2787. A guaranty is a promise to answer for the debt, default, or miscarriage of another person."

"Sec. 2807. A guarantor of payment or performance is liable to the guarantee immediately upon the default of the principal, and without demand or notice."

"Sec. 2823. Mere delay on the part of a creditor to

proceed against the principal, or to enforce any other remedy, does not exonerate a guarantor."

"Sec. 3108. One who writes his name upon a negotiable instrument otherwise than as a maker or acceptor, and delivers it with his name thereon to another person, is called an indorser, and his act is called indorsement."

"Sec. 3117. One who indorses a negotiable instrument before it is delivered to the payee is liable to the payee thereon as an indorser."

It will be observed that the two sections last quoted relate only to *negotiable* instruments, and in accordance with the rule declared by them, the case of *Fessenden* v. *Summers,* 62 Cal. 484, was decided. They do not in any way affect this case, for the reason that the note here sued upon was not a negotiable instrument. (*Adams* v. *Seaman,* 82 Cal. 636.) This being so, the defendant must still be treated and held liable as a guarantor.

The question then is, What is now the liability, in this state, of a guarantor? As we have seen, a guaranty is a promise to answer for the debt of another person, and it may be enforced, upon default of the principal, without any previous demand or notice. It is an absolute undertaking to pay the whole debt if the principal does not, and no mere delay of the creditor to proceed against the principal, or to enforce any other remedy, can be availed of as a defense. And such a liability is assumed *prima facie,* when, as in this case, the guarantor writes his name on the back of a non-negotiable note to give it credit.

Under the circumstances shown here, we think the findings were sufficient, and the court below rightly refused to allow any offset for damages alleged to have been sustained by defendant, because plaintiff, after demand that he should do so, neglected and refused to institute an action against the maker of the note, and thereby secure payment of a portion of the money due thereon.

We advise that the judgment be affirmed.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.